HOBSON, Judge.
Michael Glenn Kennedy was employed by Jesse Clyde Beasley, doing business engaged in the repair, refurbishing and sale of heavy equipment. While engaged in his employment, Kennedy met his death by accident upon coming into contact with a high voltage power line. His employer, Beasley, was also killed in the same accident.
Appellant, Lynda Y. Kennedy, is the surviving spouse of Michael Glenn Kennedy. The employer, Beasley, had failed to secure the payment of Workmen’s Compensation benefits as required under Chapter 440, Fla.Stat. Letters testamentary were issued to the Exchange National Bank of Tampa as executor under the last will and testament of Beasley. The executor published notice to creditors after which a *497 timely proof of claim was filed by the appellant advising the executor of her claim for Workmen’s Compensation benefits pursuant to the Workmen’s Compensation laws. At all times the estate of Beasley admitted liability for the payment of Workmen’s Compensation benefits to the appellant. Notwithstanding, the appellant filed a claim under the Workmen’s Compensation laws.
Immediately following the expiration of the time for filing claims against the Beasley estate, the estate paid to appellant all of her accrued benefits under Chapter 440, Fla.Stat. and has continued to make the required bi-weekly payments under the Workmen’s Compensation laws. Appellee filed a petition for a declaratory judgment in the probate division of the circuit court alleging the above facts and asking the court to determine whether or not the appellant had elected to claim Workmen’s Compensation benefits and if she had elected to claim them that the court determine and instruct the appellee when to pay such benefits. The petition also alleged that among the assets of the estate there was a promissory note in the original principal sum of $12,500 made by Michael Glenn Kennedy and the appellant which was secured by a mortgage upon real property in Hillsborough County, Florida. It was further alleged that no principal or interest had been paid on the note. The petition asked the court to determine whether or not the executor should offset any sums owing the estate under the promissory note against the Workmen’s Compensation benefits due the appellant.
The declaratory judgment appealed declared that the court had jurisdiction of the claim filed in the estate for benefits under the Workmen’s Compensation law as well as jurisdiction over the person of the appellant; that the appellant had elected to make claim for the payment of Workmen’s Compensation benefits from the assets of the estate; that the benefits appellant was entitled to could not be paid until expiration of the time provided by law for the filing of claims in the estate although said claim for Workmen’s Compensation benefits accrued from the date of the death of Michael Glenn Kennedy; that the claim o.f the appellant would bear no interest until expiration of eight calendar months from the granting of letters testamentary under the provisions of § 733.18, Fla.Stat.; that appellant was not entitled to the payment of any attorney fees as the result of the filing of the claim; and that the executor shall not offset any sums owing the estate by appellant against the claim filed by her for Workmen’s Compensation benefits.
Appellant appeals the declaratory judgment, contending that the court erred in concluding that it had jurisdiction over the appellant’s Workmen’s Compensation claim; that it erred in determining that the Workmen’s Compensation benefits were not to be paid until the expiration of time provided by law for the filing of claims in estates under § 733.16, Fla.Stat.; that it erred in determining that the past due payments due appellant for Workmen’s Compensation benefits were to bear no interest and that it erred in denying the appellant attorney fees for the services of her attorney in securing the payment of Workmen’s Compensation benefits.
The guardian ad litem for the minor beneficiaries of the estate cross-appealed alleging that the trial court erred in ordering the executor not to offset sums owing to the estate by the appellant against the benefits due her under the Workmen’s Compensation law.
The parties to this appeal are in agreement that there is no Florida case which has dealt with this particular question and we have been unable to find one.
From the outset the estate has admitted liability for the payment of Workmen’s Compensation benefits to the appellant. The appellant, pursuant to § 733.16, Fla.Stat., filed her claim in the estate for the Workmen’s Compensation ben *498 efits to which she was entitled under Chapter 440, Fla.Stat. Upon the filing- of said claim by appellant, the probate division of the circuit court acquired jurisdiction over the claim and over the person of the appellant. The trial court was eminently correct in holding that the Workmen’s Compensation benefits should not be paid until after the expiration of the time provided by § 733.16, Fla.Stat. for the filing of claims in the estate. Under the provisions of § 733.18, Fla.Stat., the trial court was correct in holding that the claim of the appellant should bear no interest until the expiration of eight calendar months from the granting of letters testamentary.
As noted above, the estate at all times admitted liability for the Workmen’s Compensation benefits due appellant under the Workmen’s Compensation law. This being so, and the probate division of the circuit court having jurisdiction of the claim, the trial court was correct in denying appellant attorney fees.
As to the cross assignment of error, § 440.22, Fla.Stat., provides as follows :
“440.22 Assignment and Exemption From Claims of Creditors
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments, or other remedy for recovery or collection of a debt, which exemption may not be waived.”
To offset the sums due the estate on the note and mortgage against the Workmen’s Compensation benefits due the appellant would defeat the purpose of the Workmen’s Compensation law. The purpose of the Workmen’s Compensation law is to protect the injured workman or his family from destitution by providing for a bare minimum income to survive. The trial court under § 440.22, Fla.Stat., correctly held that the executor should not offset any sums owing the estate by appellant against her Workmen’s Compensation benefits.
For the foregoing reasons the declaratory judgment appealed is affirmed.
McNULTY, C. J., and BOARDMAN, J., concur.