**In re Robert POWERS and Marie Powers, Debtors.**

**Bankruptcy No. 88–0611–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 20, 1989.

A. Karl Stevens, Jr., Tampa, Fla., for debtors.

Roy Loudermilk, Tampa, Fla., Trustee.

Larry Foyle, Tampa, Fla., for trustee.

Steven B. Gold, for Tropicana Products, Inc.

Lynn England, Tampa, Fla., U.S. Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' AMENDED CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon an Objection to the Debtors' Amended Claim of Exemptions. The Objection was filed by Roy L. Loudermilk, Trustee in the above-captioned case. It appears that the Trustee objects to an amendment dated November 25, 1988, filed by the Debtors which amends their schedules B–2 and B–4. The amendment as filed indicates that the Debtor Robert Powers is receiving $962.00 per week as "unemployment compensation or benefits payable under a pension plan of Tropicana Products on account of the Debtor's age and length of service." It also indicates that the Debtors claim these payments as exempt pursuant to Fla. Stat. § 222.201 and 11 U.S.C. § 522(d). The Trustee objects to the Debtor's claim of exemption on the basis that the payments are not compensations pursuant to a pension plan of Tropicana on account of the Debtor's age and length of service, but instead represent a settlement of a tort claim that the Debtor possessed against Tropicana, which would not be exempt and hence, would have been an asset of the Debtor's estate.

The facts established at the final evidentiary hearing on the Trustee's Objection to the claim of exemption are as follows:

Sometime in 1956, Robert Powers (Debtor) became an employee of Tropicana Products Company, Inc. The Debtor eventually worked himself up to the position of vice-president of distribution, transportation and logistics of Tropicana. In his position as a corporate officer, the Debtor was responsible for a major functional area which included overseeing and supervising about 800 employees. On July 31, 1985, after a major reorganization of the management of Tropicana, the Debtor was discharged from his duties and his employment with Tropicana was terminated. It is undisputed that Tropicana offered termination benefits to the Debtor which consisted of an offer of approximately $24,000.00 cash in return for the Debtor's release of any and all claims against Tropicana which the Debtor may be entitled to assert as the result of the termination of his employment. In response to this offer, the Debtor wrote a letter to an executive of Beatrice, the parent company of Tropicana (Trustee's Exh. No. 1) and stated that he was not willing to accept the termination benefits proposed by Tropicana.

On January 21, 1986, Martin J. Gutfreund, vice-president of Human Resources of Tropicana, wrote to the Debtor and submitted to the Debtor a proposal concerning his termination of employment (Trustee's Exh. No. 2) and suggested an amicable settlement of every possible objection the Debtor might have had against Tropicana as the result of the termination of his employment. The proposal offered, inter alia, that the Debtor would receive his weekly severance pay in the amount of $962.00 until November 1, 1989. The proposal also provided that the Debtor would receive a final bonus in the amount of $23,625.00 and that the Debtor and the Debtor's spouse would be entitled to receive the Company's

medical insurance and would be eligible to receive regular life insurance. In return for the above enumerated compensation and benefits, the Debtor was requested to waive any action or actions, cause or cause of action in law or in equity, suits, debts, liens, claims or demands against Tropicana or its agents, or any person acting by, through or on its behalf. It appears that the Debtor agreed to the terms of this proposal and signed his name to the bottom of the letter evidencing the agreement.

Based on these undisputed facts, it is the Trustee's contention that, although the agreement was couched in the language of severance pay, the $962.00 that the Debtor was to receive weekly was not severance pay at all, but was clearly a settlement of a potential tort claim, which was a chose of action and which is property of the estate.

In opposition to the Trustee's Objection, the Debtor claims that the compensation represents unemployment compensation benefits payable under a pension plan of Tropicana based on the Debtor's age and length of service, and, that pursuant to § 222.21 Fla. Stat. which allows an individual debtor to exempt, in addition to other exemptions allowed under state law, any property listed in Subsection (d)(10) of § 522 of the Bankruptcy Code, these wages are exempt.

The Debtors' claim of exemption has two bases. The initial claim of exemption is based upon § 222.11, Fla. Stat. which exempts wages due to the head of a family residing in Florida for personal labor or services of such person.

The Debtor relies on § 222.11 of the Florida Statutes and § 522(d)(10)(E) of the Bankruptcy Code for its alternative basis for its claim of exemption.

**222.201 Availability of federal bankruptcy exemptions**

(1) Notwithstanding § 220.10, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of § 522 of that Act.

§ 522(d)(10)(E) provides that the following property may be exempted under Subsection (b)(1) of the same section.

**§ 522. EXEMPTIONS**

(d)(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—....

The Debtor contends that the following phraseology, "on account of age or length of service" controls this situation.

As to the Debtor's first contention that the compensation should be accorded the treatment of wages and thereby exempt pursuant to § 222.11 Fla. Stat., this Court is satisfied that the characterization of the compensation as wages must fail. Compensation is accorded the status of wages when the wages that are due to the individual are due for the personal labor or services or such individual. This record clearly establishes and the Debtor himself admits that he performed no personal services or labor on behalf of Tropicana after his termination of July 1, 1985, and even though it is intimated that the Debtor was to be retained as a consultant. It is equally clear that he was never called upon to act as a consultant, nor did he ever do any consulting on behalf of Tropicana. Therefore, this Court is satisfied that the Debtors' claim of exemption on the basis of wages and the relevant Florida Statute must fail.

Turning attention to § 222.201 Fla. Stat. and 11 U.S.C. § 522(d)(10)(E), the Court is likewise satisfied that the Debtor's claim of exemption based upon his contention that the compensation represents a payment on account of Debtor's length of service and his age must also fail. A reading of the letter from Tropicana's vice-president to the Debtor does not indicate that the compensation was given on account of the Debtor's age or length of services. Instead, the letter indicates that the compensation was given to the Debtor in return for his release of any claims he may have against Tropicana, and even though the

same letter refers to the compensation as wages pursuant to the Debtor's employment termination, this Court is satisfied that, based upon the totality of the evidence, the compensation is clearly a settlement of a tort action the Debtor may have possessed against Tropicana.

Based on the foregoing, this Court is satisfied that the Trustee's Objection to the Debtors' Claim of Exemptions should be sustained, and the Debtors' Claim of Exemptions should be disallowed, and all proceeds payable by Tropicana to the Debtor shall be paid instead to the Trustee, and that all monies received by the Debtor prepetition from Tropicana pursuant to this agreement shall be turned over to the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtors' Claim of Exemptions be, and the same is hereby, sustained, and all proceeds payable by Tropicana shall be paid to the Trustee Roy Loudermilk, and that all monies the Debtor received prepetition from Tropicana pursuant to the agreement shall be turned over to the Trustee.