**In re Karen Madsen FRALEY, a/k/a Karen Diane Madsen, Debtor.**

**Bankruptcy No. 92–64–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 15, 1992.

⊙⇒37

David M. Lopez, Sims & DiLorenzo, Ocala, FL, for debtor.

Anne Payne, Bergwerk & Payne, Jacksonville, FL, for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's objection to Exemption Claimed by Debtor. A hearing was held on August 5, 1992, and, upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Debtor filed a petition under chapter 7 of the Bankruptcy Code on January 6, 1992, and Gregory K. Crews was appointed trustee.

Debtor filed her schedules claiming a $5,000.00 bank deposit as exempt pursuant to FLA.STAT. ch. 440.22. A subsequent amendment stated that the funds were also exempt under FLA.STAT. ch. 222.11.

The monies were paid to debtor pursuant to an order of the Deputy Commissioner in settlement of a Florida workers' compensation claim.

The issues before the Court are: (1) whether a lump sum settlement paid to a debtor is entitled to exempt status under FLA.STAT. ch. 440.22 and (2) whether the same sum is exempt under FLA.STAT. ch. 222.11 as wages paid to the head of household.

## CONCLUSIONS OF LAW

The filing of a bankruptcy petition creates an estate consisting of all property of the debtor. 11 U.S.C. § 541. However, a debtor may exempt certain property from the estate pursuant to § 522.

■ Section 522 provides for two exemption schemes. Florida has opted out of the federal exemptions and provides for exemptions under state law. The burden of proving entitlement to an exemption is on the debtor. *In re Estridge*, 7 B.R. 873, 874 (Bankr.M.D.Fla.1980). Debtor claims the sum at issue is excluded from the estate based on two separate Florida statutes.

■ The first basis for debtor's claim that the funds on deposit are exempt is FLA.STAT. ch. 222.11, which provides:

*Exemption of wages from garnishment.* No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person. As used in this section, the term "head of family" includes any unmarried, divorced, legally separated, or widowed person who is providing more than one-half of the support for a child or other dependent. This exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages.

Although the funds in the bank account can be readily traced to the workers' compensation settlement, this claim for exemption must fail.

The statute provides an exemption only for money due for personal labor or servic-

es. The funds were paid as a workers' compensation benefit and are distinguishable from wages or earnings. The courts have rejected attempts to characterize other items as analogous to wages. *In re Truax*, 104 B.R. 471 (Bankr.M.D.Fla.1989) (tax refunds originating in withholdings from wages); *In re Passi*, 101 B.R. 360 (Bankr.S.D.Fla.1989) (personal injury tort settlement where claimed that a portion was for lost wages); *In re Powers*, 98 B.R. 577 (Bankr.M.D.Fla.1989) (tort settlement for wrongful discharge from employment); and *In re Dennision*, 84 B.R. 846 (Bankr. S.D.Fla.1988) (severance pay). Accordingly, the monies received under the workers' compensation settlement are not wages and cannot be exempted from the estate under Fla.Stat. ch. 222.11.

■ The next statute that debtor argues provides a basis for claiming the funds as exempt is Fla.Stat. ch. 440.22, which provides:

No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.

Debtor contends that the statute is intended to exempt workers' compensation benefits from all claims of creditors and the exemption remains even after such funds are recovered, as long as the funds can be traced.

The trustee argues that the statute only refers to benefits "due or payable" and does not protect funds once received and deposited in a bank account. In addition, the trustee maintains that the statute does not exempt a lump sum settlement because debtor had sole control over the disposition, as well as the immediate benefit, of the funds.

No published case directly construes the statute as it bears on the issue at hand. Thus, the Court will consider the plain language of the law and the legislative intent.

The statute on its face protects all workers' compensation benefits from "all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt. . . ." The exemption is broadly framed and cannot be waived.

However, the law also appears to limit its protection to "compensation or benefits *due or payable*" (emphasis added). Thus, the exemption would be limited to accrued, but unpaid, claims. Due to this apparent inconsistency, the Court must examine the intent of the legislature in enacting the statute.

Initially the Court notes that the scope of the statute is broad and the purpose is to protect benefits provided to persons whose earning ability has been adversely affected. In fact one Florida court stated "The purpose of the Workmen's Compensation law is to protect the injured workman or his family from destitution by providing for a bare minimum income to survive." *Kennedy v. Estate of Beasley*, 318 So.2d 496, 498 (Fla.App. D2 1975), *cert. denied*, 333 So.2d 463 (Fla.1976).

Given the broad scope and the intention to protect beneficiaries, this Court cannot construe the "due or payable" phrase to have the far-reaching, restrictive meaning advanced by the trustee. The statute was designed to protect workers' compensation claimants source of support from the claims of creditors. The $5,000.00 on deposit in the Sun Bank of Ocala, directly traceable to the workers' compensation settlement, is exempt from the estate under Fla.Stat. ch. 440.22.

Debtor has met her burden of proving an exemption under Fla.Stat. ch. 440.22. Thus, the $5,000.00 deposit is exempt property and a separate order overruling trustee's objection to exemption claimed by debtor will be entered.