In re Thomas Bertram DIXSON, Debtor.

Andrea A. RUFF, Trustee, Plaintiff,

v.

Thomas Bertram DIXSON, Defendant.

Bankruptcy No. 89–105–BKC–6X7.
Adv. No. 89–93.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 3, 1993.

Norman Hull, Orlando, FL, for debtor.

Andrea A. Ruff, Orlando, FL, trustee.

Roger Kelly, Orlando, FL, for Valley Nat'l Bank.

Brian McDowell, Orlando, FL, for Sun Life Assurance Co. of Canada.

## MEMORANDUM OPINION

George L. PROCTOR, Bankruptcy Judge.

The chapter 7 trustee, Andrea A. Ruff, and two creditors, Sun Life Assurance Company of Canada ("Sun Life") and Valley National Bank ("Bank"), objected to debtor's claims of exemption for lottery winnings paid by annuity and for his Florida residence.

In the context of the adversary complaint, the trustee objected to the discharge of the debtor on the following theories: (1) the debtor claimed the annuity as exempt with the knowledge that such an annuity was excluded from the exemption provision and that the claim of exemption was, in itself, made with intent to hinder, delay or defraud his creditors; (2) that the change of domicile constituted a fraudulent transfer of the annuity proceeds; (3) that the claim of exemption for the annuity constituted a false oath, false claim or withholding of property or information relative to property of the estate; (4) that the claim of domicile in Florida before January, 1989, was a fraudulent and knowing false oath or claim; and (5) that the acts alleged in Counts 1–4 constituted grounds for denying the discharge under § 727(a)(2) and (4).

The Court consolidated the contested matters and the adversary proceeding for purposes of discovery and trial.

Debtor moved to dismiss the adversary complaint and by order entered on December 27, 1989, the Court granted the motion as to the first three of claims of the trustee. Since the fifth claim reiterated the previous claims, the only ground for relief remaining in the adversary was that debtor's claim of domicile constituted a knowing and fraudulent false oath or claim.

Prior to the trial, debtor filed motions for summary judgment claiming that, as to each of the issues, no dispute of material fact existed and that a determination could be made as a matter of law. The Court reserved ruling on the summary judgment motions, and a trial was conducted on July 27, 28, and 30, 1990.

At the consolidated trial, trustee presented her case-in-chief, upon which the other objecting parties relied, adopting the evidence as their own. Debtor then made a motion for involuntary dismissal pursuant to F.R.B.P. 7041 and F.R.Civ.P. 41(b) arguing that the trustee's and objecting parties' evidence was legally insufficient.

Judge Corcoran recused himself from this case and proceeding on September 16, 1992, and pursuant to Local Rule 1.04(b)(2) both matters were assigned to the judge resident in the Jacksonville Division. Pursuant to F.R.B.P. 9028, the undersigned certifies that he is familiar with the record. Further, having concluded that credibility is not a concern, the Court determines that the issues may be resolved on the record without prejudice to the parties.

Upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

Debtor lived in Florida from 1958 through 1966 and returned to the Orlando

area after being discharged from military service. He remained in Orlando until 1977. Subsequently, he moved to Arizona, where he resided for the nine years prior to August of 1988.

In January of 1986, debtor and his former wife won the Arizona lottery. The State of Arizona, in satisfaction of its obligations, purchased an annuity contract from the Central Life Assurance Company of Des Moines, Iowa ("annuity").

For the years 1986, 1987, and 1988, debtor and his former wife received the proceeds of the annuity. During 1986, however, they began to experience marital problems and debtor moved out of the marital home. The two were divorced the following year and the final judgment provided that each would received one-half of the yearly annuity proceeds.

Also during 1987, debtor began experiencing severe financial difficulties arising from unsuccessful business ventures. Pressure from various lender and financial institutions mounted during the first six months of 1988. In fact, debtor was named as a defendant in several lawsuits.

On July 25, 1988, debtor informed his Phoenix apartment complex that he intended to vacate his premises as of August 23, 1988. The notice indicated that his forwarding address was c/o Jill Dreblow, 4215 North 17th Street, number 18, Phoenix, Arizona, and listed Jill Dreblow's telephone number.

Debtor drove from Arizona to Florida on August 3, 1988. He initially resided with his parents in Longwood, Florida. His brother and other family members also lived in the central Florida area.

Before traveling to Florida, debtor consulted his Arizona attorney and friend regarding the possibility of filing bankruptcy and was advised concerning Florida statutory exemptions.

Debtor was physically present in the State of Florida from August 3, 1988, through January 11, 1989, with the exception of approximately 14 days in August and early September. During that two week period, he traveled to California and Phoenix on vacation with his children and friends. He also met with the Federal Bureau of Investigation concerning actions of his former business partner and an officer of Valley National Bank and attended a deposition related to litigation in which he was involved.

On August 5, 1988, debtor filed a declaration of domicile with the Clerk of the Court of Seminole County, Florida, indicating that he was maintaining his permanent home and place of abode at 101 Wild Hickory Land, Longwood, Florida, his parents' home.

From August, 1988, through January, 1989, debtor not only failed to state affirmatively to friends, family, and business associates that he intended to reside in Florida, but he intentionally withheld such information in an effort to conceal his location from his creditors and his ex-wife.

After moving to Florida, debtor refused to give any specific address during a deposition and refused to disclose his address until the day before a hearing on a motion to compel discovery. At that time debtor authorized his attorney to reveal the address given in his declaration of domicile. Debtor also did not give a forwarding address to the postal service upon leaving Arizona.

Shortly after arriving in Florida, debtor found employment as a salesman with The Car House in Winter Park, Florida. His earnings as a salesman were substantially below his average income as an insurance agency manager, the occupation he had pursued prior to winning the lottery.

Debtor opened a checking account with Sun Bank in Longwood, Florida, in August of 1988. However, he also remained as a signatory on various business and personal bank accounts in Arizona for several months after his move.

In October of 1988, debtor's fiancee, Jill Dreblow, left her job of several years in Phoenix and moved to Florida to live with debtor. The two were married the following year.

Debtor contracted to purchase a condominium at 422 Stanton Place, Longwood,

Florida, on September 9, 1988, where he and his current wife have resided since the sale closed in October, 1988.

On October 12, 1988, debtor requested an absentee ballot from Maricopa County, Arizona in order to vote in the presidential election on November 6, 1988. His request stated that he was "resident at" the address of 2614 East Mercer Lane in Phoenix, Arizona (his former marital home), and gave Jill Dreblow's Phoenix number as his current telephone number. The form indicated that he was voting absentee because he would be absent from his Arizona precinct on the date of the election.

On October 1, 1988, debtor purchased health insurance, as required under his divorce agreement, from a Florida agency. The following January, he purchased term life insurance naming his children and second wife as beneficiaries, also from a Florida agency.

On January 11, 1989, after learning that the Bank had obtained a prejudgment writ of garnishment against the company issuing the annuity payments, debtor filed a chapter 7 petition in the Bankruptcy Court for the Middle District of Florida.

On his B–4 schedule, debtor claimed as exempt property his house, the annuity, and personal property of $1,000.00.

On February 10, 1989, debtor obtained a Florida drivers license. Two weeks later he registered to vote in Seminole County, Florida.

## DISCUSSION

The principal issue of fact remaining to be determined is whether the debtor was a Florida resident or domiciliary for the greater portion of 180 days preceding the filing of the petition.

### A. Domicile

▪ Under Florida law, "where good faith intention is coupled with an actual

removal evidenced by positive overt acts, then the change of residence is accomplished and becomes effective." *Bloomfield v. St. Petersburg Beach*, 82 So.2d 364, 368 (Fla.1955). Upon the evidence presented, it is clear that debtor not only physically removed himself to Florida, but that he had the intent to remain in Florida for an unlimited time. This intention was fully supported by the overt acts taken in establishing his residency of record; causing his fiancee to terminate her long-held Phoenix employment and move to Florida; purchasing a home; opening bank accounts; buying insurance; and obtaining a job.

The evidence supports debtor's contention that his marriage and business associations had failed in Arizona and he left to start over in a new place. With his creditors in hot pursuit, debtor made a carefully considered decision to relocate in Florida. Such decision may have been based primarily on legal advice he received concerning Florida exemption laws.[1]

Despite the fact that debtor concealed his location to avoid his ex-wife and creditors, he was domiciled in Florida for the greater part of 180 days immediately preceding the date of the filing of the petition and is entitled to avail himself of the exemptions to which Florida residents are entitled. Thus, trustee failed to demonstrate sufficient facts supporting the claim that debtor was not a Florida resident. *See Weissinger v. United States*, 423 F.2d 795 (5th Cir.1970). Accordingly, debtor's motion for voluntary dismissal on the factual issue of domicile is granted.

Having determined, as a matter of fact, that the debtor is a Florida domiciliary, the following legal issues remain:

a. Whether debtor is entitled to claim his house, located on Stanton Place, in Longwood, Florida, as homestead.

b. Whether an annuity for the purpose of distributing lottery winnings is an

---

1. The trustee alleged in count two of the complaint that the change of domicile for that reason constituted a fraudulent transfer of annuity proceeds. That theory was rejected by visiting Judge Laney in the memorandum opinion entered on December 27, 1989. Judge Laney held that the debtor had a constitutional right to travel and was free to change his domicile as he saw fit.

annuity which can be exempted under Florida Statute Section 222.14.

c. Whether the personal property claimed as exempt in the amount of $1,000.00 was sufficiently described to constitute an exemption.

### B. Applicable Exemption Law

As a Florida domiciliary, debtor is subject to Section 222.20, Florida Statutes, which precludes Florida residents from utilizing the federal exemptions provided in section 522(d) of the Bankruptcy Code. As a result, debtor may only claim exempt property through § 522(b)(2) which provides in relevant part:

> (b) Notwithstanding section 541 of this tile, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.

> \* \* \* \* \* \*

> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place;
> . . . .

Having determined that the debtor was a Florida domiciliary on the date of filing, Arizona state exemption laws do not apply and the objection to exemptions on such grounds shall be overruled.

Further, debtor's claim of domicile in Florida did not constitute a false oath or claim such that the discharge should be denied pursuant to § 727(a)(4)(A) or (B). Accordingly, the objection to discharged contained in the remaining count of the adversary proceeding shall be overruled.

### C. Homestead Exemption

Neither the trustee, Sun Life, nor the Bank have asserted any ground, other than the failure to establish domicile, which would preclude the debtor from exempting his house located at 422 Stanton Place, Longwood, Florida, as his homestead pursuant to Article X, Section 4 of the Florida Constitution. Since the domicile issue has been resolved in debtor's favor, as a matter of law, the objections to his homestead exemption shall be overruled.

### D. Annuity Exemption

Debtor disclosed his interest in the annuity established for payment of the Arizona lottery winnings in the schedules, although the amount was estimated. He then claimed the proceeds and right to payments over the next seventeen years as exempt under Florida Statute 222.14, which provides:

> The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and upon the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

The trustee, Sun Life, and the Bank contend that this section is inapplicable to the lottery annuity under a number of theories.[2] The objectors first argue that the scope of annuity contracts exempted under Section 222.14 does not include every conceivable contract for the annual payment of monies and that gambling proceeds are excluded.

Debtor, on the other hand, argues that the statute is clear, unequivocal, and without limitation. In addition, he asserts the generally recognized proposition that

---

**2.** Debtor has contested Sun Life's standing to object to the exemptions, arguing that Sun Life is not a creditor. Because the trustee's objections duplicate those raised by Sun Life, it is unnecessary to determine whether or not Sun Life has standing under these circumstances.

exemption statutes must be liberally construed to ensure that the debtor and his family will not become public charges. *Killian v. Lawson*, 387 So.2d 960, 962 (Fla. 1980).

■ The same legal issue arose in a case before the Eleventh Circuit of the United States Court of Appeals. *In re McCollam*, 955 F.2d 678 (11th Cir.1992). In that case, the debtor was the beneficiary of an annuity contract established pursuant to the settlement of a wrongful death action. Debtor claimed the proceeds as exempt property under Florida Statute 222.14. Since the same issue could arise in a Florida court, the Eleventh Circuit certified the following question to the Florida Supreme Court:

> WHETHER, AS A MATTER OF LAW, AN ANNUITY CONTRACT WHICH IS ESTABLISHED IN LIEU OF A CREDITOR PAYING A DEBTOR A LUMP SUM PRESENTLY OWED IS EXEMPT FROM CREDITOR CLAIMS IN BANKRUPTCY UNDER FLA.STAT. § 222.14.

On January 28, 1993, the Florida Supreme Court answered the question affirmatively, holding that "section 222.14, Florida Statutes (1989), exempts an annuity from creditor claims in bankruptcy." *LeCroy v. McCollam*, 612 So.2d 572 (Fla. 1993). The Florida Court first looked to the plain language of the statute and determined that it clearly exempted all annuity contracts from the claims of creditors. *Id.* at 573–74. The Court then considered the definition of an annuity contract, concluding that the phrase is broadly interpreted and encompassed the contract at issue. *Id.* at 574. Finally, the Court found that had the legislature intended to restrict the annuity exemption, such language would have been included when the law was amended to include annuity contracts. *Id.*

Given the broad application of section 222.14 by the Florida Supreme Court, this Court concludes that the annuity at issue is properly included within the purview of such exemption. Accordingly, the objec-

tions to the exemption for the Arizona lottery proceeds paid by annuity contract shall be overruled.

### E. Personal Property Exemption

■ Objections were made to debtor's claim of exemption for $1,000.00 in personal property on the grounds that the property was not sufficiently identified and was undervalued. None of the objectors introduced any evidence regarding the valuation of any item claimed as exempt. Accordingly, that portion of the objections appears to have been waived.

However, debtor failed to adequately specify the property claimed as exempt. The deficiency was not cured even after the objections were filed. Itemization is necessary to provide the trustee with sufficient information to determine whether an investigation is warranted. *Payne v. Wood*, 775 F.2d 202, 207 (7th Cir.1985), *cert. denied*, 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986). Debtor failed to meet the minimal standard; thus, the objections shall be sustained and the personal property exemption disallowed.

### F. Conclusion

In summary, the Court finds that debtor resided in Florida for the 180 days immediately preceding the filing of the chapter 7 petition and was a Florida resident. Accordingly, debtor's claim of domicile did not constitute a false oath and the remaining objection to discharge claim is overruled.

As a Florida resident debtor is entitled to the benefit of the Florida exemption laws. Under the Florida Constitution, he is able to claim his homestead as exempt property. Additionally, Florida Statute 222.14 permits the debtor to exempt from property of the bankruptcy estate, the Arizona lottery winnings paid pursuant to an annuity contract.

Finally, debtor failed to specifically describe the $1,000.00 of personal property claimed as exempt. Accordingly, the objections to the personal property exemption shall be sustained and the exemption shall be disallowed.

Separate orders on the objections to exemptions and motions for summary judgment, along with a separate judgment in the adversary proceeding, will be entered.