In re Larry C. GREEN and Betty
Jo Green, Debtors.

Bankruptcy No. 94–02077–BKC–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 27, 1995.

Lansing J. Roy, Jacksonville, FL, for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objection to debtors'[1] claim of exemption filed by the trustee. The Court held a hearing on November 9, 1994, and upon the facts stipulated by the parties and post hearing briefs, the Court enters these findings of fact and conclusions of law.

*Findings of Fact*

The parties are in agreement as to the following facts.[2]

1. On or before January 10, 1990, Larry Green sustained an on-the-job injury while working as an employee for Parker Pontiac in Havlock, North Carolina.

2. Larry Green received 167 weeks of temporary total disability from August 8, 1990, through October 20, 1993.

3. Larry Green through his attorney in the state of North Carolina negotiated a compromise settlement referred to as a "clincher" in the amount of $112,500.00 in the latter part of 1993. The total amount of compensation paid including the "clincher" was $133,036.88 with total medical paid of $101,033.72 for total compensation and medical paid of $234,070.60. Attached hereto as Exhibit # 1 is a report of compensation and medical paid dated December 6, 1993 and confirming the aforestated.[3]

4. Attached hereto as Exhibit # 2 is an Agreement of Final Settlement and Release entered into by the parties on September 3, 1993. Larry Green's portion of the "clincher" settlement was placed in Certificate of Deposit # 5533 dated May 13, 1994 in the amount of $81,071.85. (See attached exhibit # 3)

a. Attached hereto as composite Exhibit # 4 are bank statements from Community State Bank Of Starke beginning in November of 1993 through April 11, 1994 showing that an initial opening deposit $84,000.00 on November 19, 1994.

6. The Debtor filed a petition for relief under title 7, Chapter 11 on May 7, 1994.[4]

7. On Schedule B2 the Debtor showed the Certificate of Deposit in the amount of $81,071.85.

8. On Schedule C the Debtor claimed the Certificate of Deposit as exempt Under Fla. Stat. 222.201(1), 11 U.S.C. 522(d)(10)(C) and

---

**1.** Hereinafter, debtor will refer only to debtor, Larry C. Green because the worker's compensation award was made to him individually.

**2.** The stipulation of the parties is reproduced verbatim without correction for errors in style or sentence structure.

**3.** Exhibits are not included in these findings of fact and conclusions of law.

**4.** Debtor filed his chapter 7 petition on May 7, 1994.

under N.C.G.S. Sec. 97–21 in the amount of $81,071.85. On July 21, 1994 Alexander G. Smith filed an objection to claim of exemptions concerning the Certificate of Deposit. (exhibit # 5)

9. By permission of the Court, the parties through their respective attorneys are submitting Memoranda of Law on the exemption claimed and the Trustee's objection to the exemption.

### Conclusions of Law

The filing of a bankruptcy case creates an estate which consists of all property of the debtor. 11 U.S.C. § 541. A debtor may exempt certain property from the estate pursuant to § 522. Section 522(b) provides for two exemption schemes, either those exemptions provided in § 522(d) or those exemptions provided by state and local law and other federal law. 11 U.S.C. § 522(b). Florida has "opted out" of the federal exemptions provided in § 522(d) and only allows debtors to choose state and non-bankruptcy exemptions. Fla.Stat. ch. 222.20.

### Applicable State Law

■ Debtor argues that his worker's compensation settlement is exempt property because § 522(b) of the bankruptcy code does not require application of the Florida law of exemptions. Rather, it requires application of "applicable" state law which in this case is North Carolina law because the injury occurred in North Carolina and all benefits were paid pursuant to North Carolina's worker's compensation act.

■ The answer to the question of which state law applies is found in 11 U.S.C. § 522(b)(2) which states in pertinent part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection....

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place;

The statute is clear; the exemptions available to a debtor in a state that has "opted out" of the federal bankruptcy exemptions provided in subsection (d) of § 522 are those provided by the law of his domicile. *In re Dixson,* 153 B.R. 594 (Bankr.M.D.Fla.1993); *In re Pizzi,* 153 B.R. 357 (Bankr.S.D.Fla. 1993); *In re Wellberg,* 12 B.R. 48 (Bankr. E.D.Va.1981); *In re Volk,* 26 B.R. 457 (Bankr.D.S.D.1983). The debtor has the burden of establishing entitlement to exemptions claimed. *In re Estridge,* 7 B.R. 873, 874 (Bankr.M.D.Fla.1980).

No evidence of debtor's residency or debtor's intent to return to North Carolina or to stay permanently in Florida was presented. The sole evidence presented regarding residency or domicile is the inferences which may be drawn from the fact that debtors deposited $84,000.00 of the worker's compensation settlement into a bank account in Florida in November, 1993, and that those funds were then used to purchase a certificate of deposit from a Florida bank in May, 1994. Because debtors have the burden of proving entitlement to the exemptions claimed and have failed to establish that their domicile is North Carolina, their claim to exempt status for the settlement funds pursuant to N.C.G.S. 97.21 is unsupported. The trustee's objection to this ground for exemption is sustained. If the settlement proceeds are to be exempt debtors must establish that the funds are exempt under Florida law.

### Exemption under Florida Statute 222.201(1)

■ Debtors argue in that alternative that even if the exemption is not allowed under North Carolina law, debtors are entitled to exempt the funds in the certificate pursuant

to Fla.Stat. ch. 222.201. Section 222.201 provides:

> (1) Notwithstanding s. 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that act.

Florida Stat. ch. 222.20 provides:

> In accordance with the provision of s. 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522(b)), residents of this state shall not be entitled to the federal exemptions provided in s. 522(d). Nothing herein shall affect the exemptions given to residents of this state by the State Constitution and the Florida Statutes.

The trustee argues that the Florida legislature cannot "selectively opt back in" to the federal exemptions contained in § 522(d) after "opting out" in Fla.Stat. 222.20 because § 522(b) only allows the complete adoption or rejection of the exemptions contained in § 522(d).

█ By providing that Florida debtors may exempt the property enumerated in § 522(d)(10) the Florida legislature is not violating § 522(b), but effectuates the purposes of the code and § 522. Congress intended that the states participate in determining what the fresh start would entail, and to that end provided that states could provide exemptions which are appropriate to each locale. *In re Schlein,* 8 F.3d 745, 752 (11th Cir.1993); *In re Treadwell,* 699 F.2d 1050 (11th Cir.1983) (citing legislative history that indicates debtor must chose between 522(d) exemptions and state and non-bankruptcy exemptions). Thus, Congress has relied upon state law to assist in implementation of the code. *Id.*

Florida Statute 222.201(1) is consistent with this scheme because a Florida debtor is not allowed both the bankruptcy exemptions and the state and federal non-bankruptcy exemptions, rather only those items enumerated in § (d)(10) are allowed by the state and become state exemptions by virtue of being incorporated into state law. *In re Rosen-*

*quist,* 122 B.R. 775 (Bankr.M.D.Fla.1990) *rev'd on other grounds In re Schlein,* 8 F.3d 745 (11th Cir.1993); *In re Bryan,* 106 B.R. 749, (Bankr.S.D.Fla.1989), *rev'd on other grounds In re Schlein,* 8 F.3d 745 (11th Cir.1993) (argument that only choice available to state legislature was complete opting out or opting in is without merit).[5] Thus, if debtor's worker's compensation settlement fits within the meaning of § 522(d)(10)(C) then debtors may claim it as exempt pursuant to Fla.Stat. 222.201(1).

█ The trustee argues that even if § 522(d)(10)(C) exemptions are available under Fla.Stat. 222.201(1) the settlement does not fall within § 522(d)(10)(C) because the funds are not traceable to the settlement. The trustee contends that the difference in the $84,000.00 deposited in the bank account, and the $112,500.00 settlement is unexplained, thus the proceeds are untraceable. The trustee also argues that the funds which were used to purchase the certificate of deposit no longer relate to debtor's "right to receive a disability benefit" because interest has been added to the settlement and funds have been withdrawn from the account.

The parties stipulated that debtor's portion of the settlement was used to purchase CD # 5533 on May 14, 1994, thus that portion of the trustee's argument concerning traceability of funds into the bank account is moot.

█ This Court has previously recognized the general rule that depositing exempt funds into a bank account does not divest those funds of their exempt status. *In re Benedict,* 88 B.R. 390 (Bankr.M.D.Fla.1988) citing 31 Am.Jur.2d, Exemptions § 224. In addition, lump sum awards may be exempt. *In re Fraley,* 148 B.R. 635 (Bankr.M.D.Fla. 1992); *In re Donaghy,* 11 B.R. 677 (Bankr. S.D.N.Y.1981); *In re Frazier,* 116 B.R. 675 (Bankr.W.D.Wis.1990).

Although the settlement proceeds retained their exempt status while they were on deposit at the bank, debtors subsequently purchased a certificate of deposit with the settle-

---

**5.** In addition to addressing the question of Florida's opting back into the federal exemptions, these cases held that ERISA preempted the Flori-da exemption for state pensions plans. The Eleventh Circuit reversed that holding in *In re Schlein,* 8 F.3d 745.

ment funds and the accrued interest. Thus, if the settlement proceeds are exempt the exemption must continue notwithstanding the purchase of the certificate. Case law supports both the continuation of the exemption and the loss of the exemption. *In re Albrecht,* 89 B.R. 859 (Bankr.D.Mont.1988) (FELA settlement from disability completely exempt in bankruptcy as disability benefit even though a portion of the funds were used as down payment on house); *In re Cesare,* 170 B.R. 37 (Bankr.D.Conn.1994) (once proceeds of employee benefit plan are distributed they are no longer exempt and IRA purchased with proceeds not exempt); *In re Bonzey,* 153 B.R. 105 (Bankr.D.R.I.1990) (pursuant to Rhode Island law even though the personal property was traceable exemption lost); *See also,* 31 A.L.R.3d 532, 546 and cases cited therein.

 The interest paid while the funds were on deposit in the Florida bank is unrelated to debtor's right to receive a disability benefit and it is not exempt. However, the amount of interest is known and commingling the non-exempt interest with the exempt settlement proceeds does not effect the exempt status of the settlement proceeds. Because the funds used to purchase the certificate are traceable to the settlement proceeds which represent debtor's right to receive a disability benefit the Court holds that the certificate of deposit is exempt.

The policies of providing future wages to an injured workman or his family to keep them from becoming destitute which this Court relied upon in *Fraley,* and the requirement that exemptions be liberally construed add additional support the conclusion that the settlement proceeds are exempt. 148 B.R. 635, 637, citing *Kennedy v. Estate of Beasley,* 318 So.2d 496, 498 (Fla. 2d DCA 1975), *cert. denied,* 333 So.2d 463 (Fla.1976); *In re Cain,* 91 B.R. 182 (Bankr.N.D.Ga.1988) (legislative history and intent of worker's compensation statute supports exemption under § 522(d)(10)(C)); *In re Dixson,* 153 B.R. 594, 599, citing *Killian v. Lawson,* 387 So.2d 960, 962 (Fla.1980).

### *Conclusion*

Pursuant to § 522(b) debtor is entitled to the exemptions provided by Florida law be-

cause debtor failed to establish North Carolina was his domicile for the 180 days which preceded this case.

The exemption provided in Fla.Stat. 222.201(1) is not preempted by § 522(b) and debtor may exempt his right to receive a disability benefit. The settlement proceeds from debtor's worker's compensation settlement which were deposited into a bank account and then used to purchase a certificate of deposit continue to represent debtor's right to receive a disability benefit and are exempt pursuant to § 522.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Trustee's objection to debtors' claim of exemption pursuant to N.C.G.S. 97–21 is sustained.

2. Trustee's objection to debtors' claim of exemption pursuant to Fla.Stat. 222.201(1) is overruled.