**In re Cindy L. KING, Debtor.**

No. 96–14298–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 22, 1997.

Buddy Ford, Tampa, FL, for debtor.

Stephen L. Meininger, Tampa, FL, for trustee.

### ORDER ON OBJECTION TO EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the Objection to Cindy King's (Debtor) Claim of Exemptions filed by Lauren Green (Trustee). The facts relevant to the objection are without dispute and based on the stipulation of the parties can be summarized as follows:

On September 26, 1996, the Debtor received a workers' compensation award in the net amount of $8,450.00. The award was paid by Circle K Corporation, her former employer, in a lump sum payment on the same date. On October 18, 1996, the Debtor filed a Voluntary Petition for relief under Chapter 7. At that time, the Debtor still had $3,300.00 remaining of the workers' compensation award, which monies were deposited in a checking account at Valrico State Bank. The Debtor claimed the workers' compensation award as exempt on Schedule C pursuant to Fla. Stat. § 440.22. Consequently, the Trustee filed her objection to the Debtor's exemption.

The parties dispute the applicability of Fla. Stat. § 440.22 to the Debtor's workers' compensation exemption. Fla.Stat. § 440.22 provides:

**Fla.Stat. 440, et seq. WORKERS' COMPENSATION**

**440.22 Assignment and exemption from claims of creditors.**

No assignment, release, or commutation of compensation or benefits *due or payable* under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which may not be waived. (Emphasis added)

The Trustee contends that the Debtor's claim was no longer "due and payable" because the Debtor had received the workers' compensation award prior to filing her Petition. The Debtor contends that the phrase "due and payable" under Fla.Stat. § 440.22 does include money received from a workers' compensation award, citing *In re Fraley,* 148 B.R. 635 (Bankr.M.D.Fla.1992). The court in *In re Fraley* held that because "the statute was designed to protect workers' compensation claimants' source of support from claims of creditors," a worker's compensation award received and deposited in a bank account was exempt. *See id.* at 637. The court further held that the term "due and payable" should not be construed so that funds once received and deposited in a bank account are not protected. *See id.*

Originally, both parties cited *Broward v. Jacksonville Medical Center, Inc.,* 673 So.2d 962 (Fla.App. 1st Dist.1996), as the only state court decision at that time which addressed the interpretation of the term "due and payable." The only issue raised in Broward was whether the phrase "due and payable" meant that once compensation benefits had been

paid to an employee or the employee's beneficiaries such benefits were no longer exempt from claims of creditors. *See id.* The First District Court of Appeals did not rule on the question but instead, certified it to the Florida Supreme Court, and that court granted review. *Broward v. Jacksonville Medical, Inc.,* 681 So.2d 280 (Fla.1996).

The Florida Supreme Court recently ruled on *Broward v. Jacksonville Med. Ctr.,* 690 So.2d 589 (Fla.1997). In *Broward,* the Florida Supreme Court was called upon to answer the following question, certified as being of great public importance:

> DOES THE 'DUE OR PAYABLE' LANGUAGE OF SECTION 440.22, FLORIDA STATUTES, MEAN THAT ONCE COMPENSATION BENEFITS HAVE BEEN PAID TO AN INJURED EMPLOYEE OR HIS OR HER BENEFICIARIES THAT SUCH BENEFITS ARE NO LONGER EXEMPT FROM ALL CLAIMS OF CREDITORS?

*Id.*

The Florida Supreme Court, having reviewed the purpose of the benefits under consideration and the decision of the Bankruptcy Court in *In re Fraley,* 148 B.R. 635 (Bankr. M.D.Fla.1992), concluded that the words "due and payable," which terms were involved in the workers' compensation statute under their consideration, Fla.Stat. § 440.22, should not be construed so narrowly as to prevent a beneficiary of such an award to claim as exempt the payments received pursuant to the statute. *See Broward,* 690 So.2d 589. The court stated, "[t]he Workers' Compensation Law was designed to protect employees and their dependents against the hardships that arise from an employee's injury or death arising from the course of employment." *Id.* (citing *McCoy v. Florida Power & Light Co.,* 87 So.2d 809, 810 (Fla. 1956)). As the court noted in *Daniel v. Holmes Lumber Co.,* 490 So.2d 1252, 1256 (Fla.1986),

> Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers.

Based on the foregoing, this Court is satisfied that the decision of the Florida Supreme Court in *Broward* is determinative of the issue raised by the Trustee's objection to the claimed exemption. The workers' compensation award received by the Debtor and deposited into her checking account, therefore, maintained its exempt status under Fla.Stat. § 440.22.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the objection by the Trustee to the Debtor's claim of exemption be, and the same is hereby, overruled and the Debtor's workers' compensation award is hereby allowed as exempt.