**In re Linda Sue HICKOX, Debtor.**

**Bankruptcy No. 97–2418–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 1, 1997.

Aaron R. Cohen, Jacksonville, FL, Chapter 7 Trustee.

Albert H. Mickler, Jacksonville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to Debtor's claim of exempt property. A hearing on the objection was held on October 8, 1997, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1 Linda Sue Hickox (Debtor) was terminated from her employment with Foxmeyer on January 24, 1997. On February 21, 1997, Debtor was issued a check from Foxmeyer in the amount of $7,770.18 which represented a withdrawal from her 401(k) savings plan. (Trustee's Ex. 1).

2. Debtor deposited the 401(k) funds, and an additional $422, in her Coastline Federal Credit Union checking account on March 2, 1997. (Trustee's Ex. 2).

3. On March 10, 1997, Debtor wrote a check for $6000 to her mother, Sybel M. Fennell (Fennell). (Trustee's Exs. 2–3). Fennell deposited $5000 in a Money Market Investment Account with Compass Bank on March 13, 1997, with Jesse E. Turner as joint owner. (Debtor's Ex. 1). Debtor was not listed as a joint owner.

4. No other deposits were made to Debtor's checking account between March 2, 1997 and March 10, 1997. (Trustee's Ex. 2).

5. Debtor opened a $5000 Certificate of Deposit with Compass Bank on March 21, 1997. (Debtor's Ex. 2). The Compass Bank Depository Agreement classifies the $5000 deposit as a rollover. (Debtor's Ex. 2).

6. Debtor filed a petition under Chapter 7 of the Bankruptcy Code on April 3, 1997. Aaron R. Cohen (Trustee) was appointed Chapter 7 Trustee in the case.

7. Debtor filed her schedules claiming $5000 in the Individual Retirement Account (IRA) as exempt pursuant to Florida Statute § 222.21(2).

8. On June 13, 1997, the Trustee filed an objection to Debtor's claim of exemption with respect to the IRA. A hearing was held on the Trustee's objection on October 8, 1997.

9. At the hearing, Debtor testified that she used some of the deposited 401(k) funds for various living expenses. Fennell testified that she and Debtor's brother discussed with Debtor the importance of safeguarding the 401(k) funds for retirement purposes. Consequently, Debtor wrote a $6000 check to Fennell to prevent further depletion of the 401(k) funds. Debtor retained $1000 for living expenses, and Fennell deposited the remaining $5000 in the Money Market Investment Account. No other activity occurred in the Money Market Investment Account between March 13, 1997 and March 21, 1997.

10. After Debtor decided to open an IRA, Fennell withdrew $5000 from the Money Market Investment Account on March 21, 1997. No other funds were used to open the IRA, and no additional funds were deposited into the IRA prior to Debtor's filing of her bankruptcy petition.

### CONCLUSIONS OF LAW

The issue before the Court is whether Debtor's claim of exemption, as to the IRA, should be disallowed. Upon commencement of a case under the Bankruptcy Code, an estate is comprised of all property in which a debtor has a legal or equitable interest as of the petition date. 11 U.S.C.A. § 541(a) (1997). However, pursuant to § 522 of the Bankruptcy Code, a debtor may claim certain property as exempt from the bankruptcy estate.

Although § 522 provides various federal bankruptcy exemptions, states may opt out of those exemptions and limit a debtor's rights to only those exemptions provided un-

der its state laws. 11 U.S.C.A. § 522(b) (1997). The State of Florida has exercised this option. FLA. STAT. ANN. § 222.20 (West 1989).

The objecting party has the burden of proving, by a preponderance of the evidence, that the debtor is not entitled to an exemption. *In re Rightmyer,* 156 B.R. 690, 692 (Bankr.M.D.Fla.1993). Once a prima facie case for disallowing the exemption has been shown by the objecting party, the burden then shifts to the debtor to prove that the debtor is legally entitled to claim the exemption. *Id.*

In this case, the Trustee objects to Debtor's claim that her IRA is exempt pursuant to Florida Statute § 222.21(2). The Trustee argues the exemption was lost when the 401(k) funds were commingled with non-exempt monies in her checking account, and when the funds were later placed in an account other than the Debtor's. Contending that the 401(k) funds cannot be properly traced into the IRA, in accordance with the Internal Revenue Code sections enumerated in Florida Statute § 222.21(2), the Trustee maintains that Debtor's claim of exemption is improper.

Florida Statute § 222.21(2) provides in relevant part:

[A]ny money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

FLA. STAT. ANN. § 222.21(2)(a) (West 1989). Therefore, a debtor is entitled to an exemption if the retirement or profit-sharing plan qualifies under one of the Internal Revenue Code sections enumerated in Florida Statute § 222.21(2). In the instant case, Internal Revenue Code § 408 is the appropriate sec-

tion for determining whether Debtor's IRA qualifies for an exemption under Florida Statute § 222.21(2).[1]

Section 408 offers several methods for establishing an IRA, or funding an existing IRA. One such method is to rollover funds from a qualified trust in accordance with § 402(c). 26 U.S.C.A. § 408(a)(1) (1997); 26 U.S.C.A. § 402(c) (1997). Section 402(c)(1) of the Internal Revenue Code provides:

If

(A) any portion of the balance to the credit of an employee in a qualified trust is paid to the employee in an eligible rollover distribution,

(B) the distributee transfers any portion of the property received in such distribution to an eligible retirement plan, and

(C) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed,

then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.

26 U.S.C.A. § 402(c)(1) (1997). An "eligible rollover distribution," is defined, in relevant part, as follows: "[A]ny distribution to an employee of all or any portion of the balance to the credit of the employee in a qualified trust. . . ." 26 U.S.C.A. § 402(c)(4) (1997). Additionally, § 402(c) provides that an IRA constitutes an "eligible retirement plan." 26 U.S.C.A. § 402(c)(8)(B)(i) (1997). Using Internal Revenue Code § 402, the Court must determine whether Debtor's IRA was funded by a rollover contribution such that Debtor is entitled to claim the IRA as exempt pursuant to Florida Statute § 222.21(2).

It is important to note that the Trustee does not allege that Debtor's 401(k) savings plan with Foxmeyer was not a qualified trust, as defined by § 401 of the Internal Revenue Code. *See* 26 U.S.C.A. § 401 (1997). Nor does the Trustee argue that the Debtor's

---

1. Of all the Internal Revenue Code Sections enumerated in Florida Statute § 222.21(2), only § 408 pertains to IRAs. 26 U.S.C.A. § 408 (1997). Section 401(a) deals generally with qualified pension, profit sharing, and stock bonus plans. *See* 26 U.S.C.A. § 401(a) (1997). Sec-

tions 403(a) and 403(b) discusses the taxation of employment annuities. 26 U.S.C.A. § 403(a) (1997); 26 U.S.C.A. § 403(b) (1997). Lastly, § 409 pertains to tax credit employee stock ownership plans. 26 U.S.C.A. § 409 (1997).

receipt of the 401(k) funds constituted an ineligible rollover distribution. *See* 26 U.S.C.A. § 402(c)(4) (1997); 26 U.S.C.A. § 402(c)(1)(A) (1997).

Section 402 requires only that a "portion" of the funds received from a qualified trust be transferred into an "eligible retirement plan." 26 U.S.C.A. § 402(c)(1) (1997). Therefore, Debtor's transfer of only $5000 into the IRA, rather than the entire 401(k) distribution of $7,780.18, is not fatal to her claim of exemption. However, the Trustee maintains that Debtor's use, commingling, and transferring of the funds to a third-party, prior to the creation of the IRA, negates Debtor's contention that the IRA was funded by a rollover contribution from a qualified trust.

In previous rulings, this Court has held that commingled funds, that are traceable to exempt assets, retain their exempt status. In *In re Benedict,* the Court addressed whether the depositing of annuity contract proceeds in a checking account causes a debtor to lose the exemption provided in Florida Statute § 222.14.[2] 88 B.R. 390, 393 (Bankr.M.D.Fla.1988). Finding that the monies in the debtor's checking account could be traced to the annuity proceeds, the Court held that the proceeds retained their exempt status. *Id.; see also In re Fraley,* 148 B.R. 635 (Bankr.M.D.Fla.1992) (holding that the depositing of exempt funds into a bank account does not cause those funds to lose their exempt status if the funds are traceable).

In *In re Green,* the ability to trace exempt funds again played a significant role in determining whether a debtor's claim of exemption was proper. 178 B.R. 533, 537 (Bankr. M.D.Fla.1995). The debtor had deposited exempt funds and later placed them in a certificate of deposit. Thereafter the exempt funds became commingled with non-exempt funds as the certificate earned interest. Despite the commingling of exempt and non-exempt funds, the Court held that the certifi-

cate of deposit was exempt. Id. The Court cited two reasons for finding that the commingling of the non-exempt monies with the exempt funds did not effect the certificate's exempt status. First, because the amount of interest was known, separating the exempt and non-exempt monies could be easily accomplished. Id. Second, the funds used to purchase the certificate could be traced to the exempt funds. Id.

In light of the Court's previous rulings, Debtor's exemption claim is proper, provided that the monies used to open the IRA are traceable to the 401(k) funds. The Trustee argues that the facts in the present case differ significantly from the Court's rulings in *Benedict, Green,* and *Fraley,* because Debtor did not simply deposit exempt funds into an account. Instead, Debtor commingled the 401(k) funds and later transferred them to a third party, prior to opening the IRA.

Despite the commingling, the 401(k) funds can be traced and separated from non-exempt monies. Debtor's Check registry shows a combined deposit of $8192.18, of which $422 consisted of non-exempt monies. (Trustee's Ex. 2).[3] The remaining $7770.18 is the same amount Debtor received as a distribution from her 401(k) savings plan. (Trustee's Ex. 1). As such, the 401(k) funds can be easily traced to the deposit Debtor made to her checking account on March 2, 1997, and can be separated from the deposit of the non-exempt monies in the amount of $422.

Further, the monies used to open the IRA are traceable to the 401(k) funds. Testimony established that the transfer to Fennell was never intended to abrogate Debtor of her ownership rights to the 401(k) funds. Debtor wrote Fennell the check to ensure that future depletion of the exempt monies would not occur. In fact, once Debtor decided upon the means to secure those monies in a retire-

---

2. Florida Statute § 222.14 exempts from legal process annuity contracts proceeds issued to Florida citizens or residents. FLA. STAT. ANN. § 222.14 (West 1989).

3. The check registry also shows that Debtor had a negative balance of approximately $50 in her

checking account prior to the 401(k) deposit. (Trustee's Ex. 2). Thus, the commingling with non-exempt monies occurred only to the extent of the $422 Debtor deposited with the exempt 401(k) funds.

ment plan, Fennell promptly returned all of the deposited funds. Additionally, no other activity occurred in the account between the time of the initial deposit and Fennell's withdrawal of the $5000 to Debtor's IRA, thereby preserving the traceability of those monies to the exempt 401(k) funds. Thus, Debtor's transfer of the 401(k) funds to Fennell did not destroy the exempt status of those funds. Accordingly, the Trustee's objection to Debtor's claim of exemption is overruled.

## CONCLUSION

Debtor is entitled to claim the IRA as exempt because the IRA was funded by a rollover contribution in accordance with § 408 of the Internal Revenue Code as enumerated in Florida Statute § 222.21(2). Therefore, the Trustee's objection to Debtor's claim of exemption is overruled. The Court will enter an Order consistent with these Findings of Fact and Conclusions of Law.