673 So.2d 962 (1996)
Daniel Edward BROWARD, Petitioner,
v.
JACKSONVILLE MEDICAL CENTER, INC. and First Union National Bank of Florida, a national banking association, Respondents.
No. 95-3400.
District Court of Appeal of Florida, First District.
May 23, 1996.
William W. Massey, III, P.A., Jacksonville, for petitioner.
No appearance for respondents.
KAHN, Judge.
We have before us Daniel Broward's petition for a writ of certiorari to review an order of the Circuit Court in and for Duval County, sitting in its appellate capacity. We approve the order of the circuit court and deny the petition.
On March 22, 1990, appellee Jacksonville Medical Center, Inc. (JMC), obtained a judgment against Mr. Broward in the amount of $2,605.05 representing the unpaid portion of a bill for medical services incurred by Broward in 1989. Two years later Broward suffered a work-related injury and, on February 15, 1994, received a lump sum payment of $42,150.00 in a washout settlement. After deducting fees and expenses, Broward deposited $34,500.00 in a savings account at First *963 Union National Bank of Florida in Jacksonville. The funds in this account consisted exclusively of the workers' compensation settlement proceeds.
JMC then sought a writ of garnishment in the County Court of Duval County to reach the funds held in the First Union account. The county court decided that the exemption of section 440.22, Florida Statutes (1993), did not protect the funds received by Broward and deposited in a savings account. Broward appealed the decision to the circuit court.
The circuit court agreed with the lower court's construction of section 440.22, and affirmed. Section 440.22, Florida Statutes, provides:
Assignment and exemption from claims of creditors.No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.
In determining that this statute did not apply to exempt workers' compensation settlement funds received and deposited into a bank account, the circuit court compared section 440.22 to section 222.11, Florida Statutes.
Prior to 1985, section 222.11 provided that no writ of attachment or garnishment or other process would reach any money or other thing "due to any person" who is the head of a family residing in Florida, when the money or other things "due" are for the personal labor or services of such person. In Hertz v. Fisher, 339 So.2d 1148 (Fla. 1st DCA 1976), and Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979), reviewing courts held that the plain wording of that statute did not apply to funds received for personal services and then deposited in a bank account. Thereafter, the Legislature twice amended section 222.11. The current version of the statute provides that the exemption applies to any wages deposited in any financial institution when the funds can be traced and properly identified as wages, and further that such funds are exempt for six (6) months after the earnings are received by the financial institution. § 222.11(3), Fla.Stat. (1993). The circuit court concluded that "the [L]egislature has found no necessity to insert into the Workers' Compensation exemption statute additional language that would prescribe a tracing provision similar to the one inserted into Section 222.11."
We recognize that the bankruptcy court in In re Fraley, 148 B.R. 635, 637 (M.D.Fla. 1992), relied upon policy grounds and "the intention to protect beneficiaries" to construe the "due or payable" phrase in section 440.22 to exempt settlement funds that have already been deposited into a bank account. We are constrained, however, by the Florida decisions interpreting the previous version of section 222.11, and by the Legislature's failure to modify the "due or payable" language of section 440.22 in the face of those decisions. Moreover, we note that the six-month limitation inserted by the Legislature when it amended section 222.11 is an integral part of the extension of the exemption to bank accounts. The six-month provision places a reasonable limitation upon the ability to exempt funds that have lost their character as "due or payable."
The parameters of the exemption of section 440.22 are clear. Indeed, although petitioner urges us to construe the statute on the public policy grounds identified by the bankruptcy court in Fraley, he does not point to any ambiguity in the terms of the statute. See City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993) (where a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent); State, Dep't of Agric. & Consumer Servs. v. Quick Cash of Tallahassee, Inc., 609 So.2d 735, 738 (Fla. 1st DCA 1992) (courts do not have power to construe an unambiguous statute in way which would extend, modify, or limit its express terms or obvious implications). We do not have the prerogative to construe the statute to provide a result different from that contemplated by its clear language.
Our construction of section 440.22 will apply beyond the area of workers' compensation *964 law, an area entrusted to this court, and moreover differs with a federal court's view of the same statute. Accordingly, pursuant to Rule 9.030(a)(2)(A)(v), we certify that we have passed upon the following question of great public importance:
Does the "due or payable" language of section 440.22, Florida Statutes, mean that once compensation benefits have been paid to an injured employee or his or her beneficiaries that such benefits are no longer exempt from all claims of creditors?
Petition for writ of certiorari DENIED; question certified.
ERVIN and BARFIELD, JJ., concur.