In re William MOORE and Dolores Moore, Debtors.

Bankruptcy No. 96–31553–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

Jan. 6, 1997.

Adriano R. Gonzalez, Stuart, FL, for Debtors.

Michael Bakst of Ackerman, Bakst & Cloyd, P.A., West Palm Beach, FL, for Daniel Bakst, Chapter 7 Trustee.

***ORDER DENYING MOTION TO STRIKE DEBTOR'S AMENDED SCHEDULE C; SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS; AND GRANTING TRUSTEE'S MOTION TO RECONSIDER ORDER CONVERTING CASE***

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court August 21, 1996, for consideration of motions of the

Chapter 7 Trustee which seek to (1) strike the Debtors' amended Schedule C and, alternatively, object to the Debtors' exemptions, (2) reconsider the order converting the case under Chapter 13, or in the alternative, reconvert the case to Chapter 7, and (3) extend the time period in which to file an application for compensation and reimbursement of expenses. Having considered the motions, the responses thereto, the argument of counsel and for the reasons set forth below, the Court denies the motion to strike the Debtors' Amended Schedule C; sustains the Trustees objection to exemptions; grants the Trustees motion to reconsider order converting case and grants the Trustee's motion to extend the time to file an application for compensation and reimbursement of expenses.

Before this case was commenced, Debtor Dolores Moore filed a claim for worker's compensation. Despite this claim, when the Debtors filed their Chapter 7 petition on April 16, 1996, they failed to list the worker's compensation claim (the "Claim") on their schedules. On April 30, the Debtors reached a settlement of the Claim and received settlement proceeds of $239,000. Of this amount, $58,167.37 was paid to the Debtors' attorney leaving $181,000 (the "Proceeds") for the Debtors. Debtors' counsel informed the Trustee of this settlement before the meeting of creditors which was held on May 22, 1996. On June 5, 1996, the Debtors amended their schedules to include the settlement proceeds but claimed the proceeds as exempt under Florida law. On June 20, 1996, the Debtors converted their chapter 7 case to one under chapter 13. The Debtors propose to pay their creditors 10¢ on the dollar through their chapter 13 plan. The Debtors have nothing left from the settlement proceeds. They used $100,000 to buy a new home, paid other expenses associated with the home, repaid relatives and gave $3,000 to a son for the purchase of a car.

■ The Trustee first objects to the Debtor's amended Schedule C in which the Debtor's claimed the Proceeds as exempt under Florida Statute § 440.22. In the alternative, the Trustee objects to the Debtors' claimed exemption. Federal Rule of Bankruptcy Procedure 1009 permits a debtor to amend a voluntary petition, list, schedule or statement as a matter of course at any time before the case is closed. However, the Eleventh Circuit has determined that a court has discretion to prohibit such amendments: (1) if the proposed amendment would prejudice creditors; (2) if the debtor acted in bad faith; or (3) if the debtor concealed assets. *Matter of Doan,* 672 F.2d 831, 833 (11th Cir.1982). The Trustee argues that all three of these conditions apply in this case. Judge Mark in *In re Talmo,* 185 B.R. 637 (Bankr.S.D.Fla. 1995), offered his analysis of each of these conditions:

> In determining whether to deny an amendment to schedules on the basis of prejudice, the focus is on the effect of allowing the amendment upon the creditors and other parties in interest. Mere delay in filing an amendment, or the fact that an amendment if allowed will result in the exemption being granted, are not sufficient to show prejudice. This Court finds, nonetheless, that prejudice may be established by showing harm to the litigating posture of parties in interest.

*Id.* at 645. The Court also discussed the issue of bad faith and stated—

> [T]he focus here is on the debtor's purpose—if the delay in amending his claimed exemption was deliberately intended to gain an economic or tactical advantage, at the expense of creditors and the interests of the estate, then the Court will find bad faith sufficient to disallow the Amendment.

*Id.* at 648. The Trustee in this case argues that the Debtors failed to disclose any cause of action on their schedules so that they would be able to complete the settlement and obtain the funds, and then, transfer the funds into a third party's bank account. The Trustee contends that he is prejudiced by not being able to investigate whether the settlement was appropriate and in the best interests of the estate and by not being able to determine whether the Debtors should be entitled to claim the Proceeds as exempt. The evidence, however, did not establish that the Debtors acted in bad faith, nor that they attempted to conceal assets from the Trustee and their creditors, nor, for the reasons set

forth below, is the amendment prejudicial to creditors.

It appears to the Court that the Debtors either did not understand the questions on the schedules relating to the Claim or did not believe the Claim fell within the scope of the questions set forth on their bankruptcy schedules. The Debtors testified that they were told by their attorney that it was better to list "none" because no one knew the value of the Claim. The Debtors also believed that they did not have a "claim" but that they had merely made a request by filling out forms. Based on this testimony the Court does not believe that the Debtors had any intention to conceal assets or that they acted in bad faith.

■ The Trustee objects, in the alternative, to the claimed exemption in the proceeds. The parties dispute the applicability to Florida Statute § 440.22. Section 440.22 provides—

> No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which may not be waived.

The Trustee contends that the Debtors' claim was not "due or payable" because the cause of action was "unliquidated and contingent" as of the date of the filing. Further, the Trustee argues that once the proceeds were received the funds were not "due or payable", and thus, the proceeds lose their exempt status.

■ Clearly, the statute does not contemplate a lump sum payment but rather seeks to protect monies a claimant would receive on a periodic basis just as social security payments and pension payments are protected. As such, a recipient's income stream is protected for as long as payments are forthcoming. Should a recipient of a lump sum payment lose the protection that would have been afforded had the payments been over time rather than all at once? A recent opinion by the First District Court of Appeal in *Broward v. Jacksonville Medical Center, Inc.*, 673 So.2d 962 (Fla. 1st DCA 1996),

considered the application of Section 440.22 to a lump sum payment deposited into a savings account. The court concluded that the statute was unambiguous, as written, and does not exempt the proceeds. The court in *Broward* rejected the decision in *In re Fraley*, 148 B.R. 635 (Bankr.M.D.Fla.1992). In *Fraley*, Judge Proctor determined that the "[g]iven the broad scope [of the statute] and the intention to protect beneficiaries, this Court cannot construe the 'due or payable' phrase to have the far-reaching, restrictive meaning advanced by the trustee. The statute was designed to protect workers' compensation claimants source of support from the claims of creditors." Thus, Judge Proctor concluded that the lump sum payment received by the debtor was exempt. At the time Fraley was written, no Florida case had construed Florida Statute Section 440.22 in respect to lump sum payments. *Broward* has now filled that gap and as the only state appellate court interpreting this state statute, it would be binding precedent in state court, and consequently should be considered so by this Court. However, the facts in this case are slightly different than the facts in *Broward* and *Fraley*. At the time the garnishment in *Broward* had been instituted and the bankruptcy in *Fraley* had been filed, the workers' compensation recipient had already received the proceeds. In this case, the Debtors received the Proceeds after the case was filed, thus raising the question of whether the funds were "due or payable" at the time the bankruptcy was filed.

The Trustee contends that the Debtors merely had a cause of action at the time the bankruptcy was filed and thus, the funds were not "due or payable". The Debtors testified that they were advised that they had only a claim and that the settlement papers they signed were not effective until the judge approved the settlement. This evidence leads the Court to conclude that the Debtors' claim or cause of action does not constitute funds that are "due or payable" as contemplated by the statute. Thus, the proceeds are not exempt and the Trustee's objection to the Debtors' exemption is sustained.

Having determined the exemption issue, the Court now addresses the issue raised by the Trustee of whether the Court should reconsider the conversion of the Debtors' case from Chapter 7 to Chapter 13 and whether the case should be reconverted to one under Chapter 7. The Debtors received $181,000 post-petition which was property of the bankruptcy estate. At the time they received the money they owed $45,524.17 to creditors. The Debtors could have paid all of their creditors. Rather, they bought a home and used the money for purposes other than payment of existing creditors. Upon converting the case to one under Chapter 13, the Debtors intend to pay creditors 10 cents on the dollar rather than the 100 cents they could have paid. The Debtors' use of the settlement proceeds without paying creditors and then converting the case to one under Chapter 13 evidences bad faith by the Debtors, thus warranting reconvertsion of the case to Chapter 7, unless the Debtors can propose a feasible Chapter 13 plan that will pay their creditors 100% and pay the Chapter 7 Trustee's administrative expenses. Accordingly, it is

ORDERED that—

1. The Trustee's motion to strike the amendment to Schedule C is denied.

2. The Trustee's objection to the Debtors claimed exemption is sustained.

3. The Trustee's motion to reconsider the order converting the case to one under Chapter 13 is granted.

4. A status hearing is set for January 21, 1997, at 9:45 a.m. at the Paul G. Rogers Federal Building, 701 Clematis Street, Room 312, Courtroom 6, West Palm Beach, Florida. At this hearing, the Court will consider whether the Debtors can propose a feasible chapter 13 plan that will pay creditors 100% and the Chapter 7 Trustee's administrative fees. The Court will also consider the amount of administrative expenses to be awarded to the Chapter 7 Trustee.

ORDERED.