**In re Lisa Ann LADOMER, Debtor.**

**Bankruptcy No. 97–32711–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 2, 1997.

Michael R. Bakst, Ackerman, Bakst & Cloyd, West Palm Beach, FL, for Trustee.

Frederic J. DiSpigna, Boca Raton, FL, for Debtor.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION TO WORKERS' COMPENSATION CLAIM

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on November 25, 1997, for consideration of the Chapter 7 Trustee's objection to the Debtor's claimed exemption of a workers' compensation claim. Having considered the case law, the argument of counsel and for the reasons set forth below, the Court overrules the Trustee's objection.

As of June 4, 1997, the date on which the Debtor's Chapter 7 petition was filed, the Debtor held an outstanding claim for workers' compensation benefits. The claim was contingent and unliquidated. The Debtor claimed this workers' compensation claim as exempt under Florida Statute § 440.22 and 11 U.S.C. § 522(d)(10)(C). The Chapter 7 Trustee contends that because the claim was contingent and unliquidated at the time of the bankruptcy filing, the referenced statutory provisions do not apply.

Florida Statute § 440.22 provides:

No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which may not be waived.

This Court, in *In re Moore*, 203 B.R. 802 (Bankr.S.D.Fla.1997), addressed an identical situation and determined that a Debtor's claim or cause of action for workers' compensation benefits does not constitute funds that are "due and payable" as contemplated by Florida Statute § 440.22. Since the issuance of the *Moore* decision, the Supreme Court of Florida has rendered its ruling in *Broward v. Jacksonville Medical Center*, 690 So.2d 589 (Fla.1997). In that ruling, Daniel Broward, a workers' compensation claimant, received a lump sum settlement and deposited the proceeds in a savings account. The Supreme Court determined that the "due and payable"

provision did not pertain to the entire statute, but rather, only to the first clause of the statute, and further determined that the statute was ambiguous. The Supreme Court then looked to the legislative intent behind workers' compensation legislation, noting that the concept of precluding a creditor's claim against a worker's source of income while he or she is able to work, but permitting a creditor to reach a worker's source of income while he or she is injured and unable to work, offends notions of justice and logic. The Supreme Court concluded that Florida Statute § 440.22 "applies to workers' compensation benefits received by the beneficiary and deposited in a bank account, so long as the funds are traceable to the workers' compensation benefits." *Id.* at 592.

The Florida Supreme Court's ruling does not directly affect this Court's ruling in *Moore.* However, the ruling does lead this Court to consider whether the "due and payable" provision of § 440.22 should be as narrowly construed as it was in *Moore.* Based on the ruling in *Broward,* if this Court were to follow the Trustee's argument and this Court's earlier ruling in *Moore,* a debtor would be entitled to exempt his or her income attributable to wages, benefits awarded but not yet distributed to him or her, and benefits received and placed into a bank account. The only time that a debtor who becomes eligible for worker's compensation could not exempt the proceeds from a worker's compensation award would be when the debtor has filed a claim but has not yet received a determination of his or her entitlement to funds. This interpretation flies in the face of logic, as well as the purpose of the exemption provided for worker's compensation beneficiaries.

As pointed out by the Supreme Court, "the workers' compensation benefits provide a means of support for the employee and the employee's family, essentially replacing the employee's regular source of income." *Broward,* 690 So.2d at 591. Disallowing a debtor's exemption because the workers' compensation benefits have yet to be awarded denies a debtor the ability to support his or her family. Consequently, this Court recedes from its ruling in *Moore* and finds that workers' compensation benefits that have been claimed but have not been awarded are protected by the exemption provided by Florida Statute § 440.22. Accordingly, it is

ORDERED that the Chapter 7 Trustee's objection to the Debtor's claim of exemption as to her worker's compensation claim is overruled.