FAMILY CLOTHING CORPORATION v. RICHARDSON.—154 S. W. (2d) 795.

Eastern Section. July 8, 1941.

Petition for Certiorari denied by Supreme Court, October 18, 1941.

Charles F. Rolston, of Chattanooga, for plaintiff in error.
H. M. Vaughn, of Chattanooga, for defendant in error.

PORTRUM, J.   This case involves the construction of the exemption laws of the state of Tennessee, being chapter 85 of the Acts of 1933, section 1 reading in part as follows:

"There shall be exempt from execution, attachment and garnishment forty dollars of the salary, income or wages of every person earning a salary or wages, or drawing an income of forty dollars or more per month, and who is the head of a family and resident of the state of Tennessee;  .  .  ."

By section 7713 of the Code an additional exemption is given as follows:

"To the above allowances, there shall be added as so exempt to heads of families the sum of five dollars per month for each dependent child under sixteen years of age of the head of a family, resident of this state."

It is conceded that Richardson is entitled to $65 per month as exemption, and that he is employed by the Southern Ferro-Alloys Company at a wage of $3.36 per day, working seven days per week. From this is deducted by the employer one per cent under the F. O. A. B., and that he earns $67.20 per month when he puts in full time, less one per cent as aforesaid. The defendant has no other income other than his wages.

A garnishment was run against his employer on the 30th day of April, at which time the employer answered that it was due the wage earner on April 2, 1940, $10.50, the amount earned in March, and on April 9, 16, 23, and 30, the amount on each date due was $16.80, less one per cent, making to total paid and due the employee of $76.91. The employer pays the wage earner each Tuesday for

the previous week's work, and there being five Tuesdays in the month of April, 1940, the first payment of $10.50 was for the previous week in March and represented wages earned in March. The plaintiff takes the position that any amount received in April from whatever source is subject to judgment less the exemption for the month of April. Relying upon the case of Frazier v. Nashville Veterinary Hospital, 139 Tenn., 440, 443, 201 S. W., 751. That case was dealing with wages and additional income received during the month, and did not discuss or have any reference to exempt wages in one month paid to the employee in a succeeding month. We think the case not in point.

If the plaintiff's position were correct, then by garnisheeing the defendant on the 30th day of the month, holding up his monthly wage, and by dismissing the proceedings and garnisheeing him again on the 30th day of the succeeding month, the wage earner drawing two months' wages in one month, then if his salary or wages were subject to attachment because received in the last month, he would lose the benefit of the exemption given him in the prior month and this would defeat the purpose of the statute which gives to him the exemption per month or each month. Such is the case here, for he is paid in April one week's wages earned in March. We think the Trial Judge's construction of the statute is correct. It appearing that he earned $67.20 per month or each month, and being paid the earnings of one month and part of the earnings of another month, in one month, then to determine his exemption the court should add two months' earnings, that is twice $67.20, making a total of $134.40 less one per cent, or $133.06, and from this should be deducted the exemptions for two months, or the sum of $130, leaving a balance subject to execution of $3.06. The trial court gave a judgment for $2.20 and part of the cost. It appears that for two days he did not work, and this was not taken into account in our calculation. The difference is too insignificant to warrant a modification.

And it is claimed that the one per cent Federal tax should be disregarded and added as a part of his income. This is likewise too insignificant to merit attention, and under Federal laws it is also exempt. To give any other construction would defeat the main purpose of the Act which is to exempt wages of a specified amount each month, regardless of when the wage earner is able to collect it.

A part of the cost of the trial court was taxed against the wage earner, but his exemption cannot be subjected to the payment of these costs. The judgment of the trial court is affirmed with costs of the appeal, the cost below remaining as taxed.

Ailor and McAmis, JJ., concur.