**LANCASTER TOWING, INC., A Corporation, Plaintiff,**

v.

**Danny R. DAVIS, Defendant.**

**GC86–197–S–O.**

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 23, 1988.

388

Raymond L. Massey, Matthew J. Duensing, Thompson & Mitchell, St. Louis, Mo., Ernest Lane, III, Greenville, Miss., for plaintiff.

L. Thomas Lakin, Lakin & Herndon, Wood River, Ill., for defendant.

## OPINION

SENTER, Chief Judge.

Lancaster Towing, Inc., brings this action seeking a declaratory judgment to the effect that it has fully satisfied its maintenance and cure obligations to a former employee, Danny R. Davis, and is no longer required to provide benefits to him for his medical treatment. This cause is presently before the court on plaintiff's motion for summary judgment.

The material facts are not disputed. On April 6, 1986, Danny R. Davis applied for employment with the Lancaster Towing Company. In the course of filling out his employment application, Davis stated under oath that he had never been injured in any accident and he had suffered no prior back injuries or permanent impairment. *See* affidavit of Jim Lancaster. Davis was hired soon thereafter and started working on the M/V LYNDA ANNE as a seaman.

On April 12, 1986, during his first trip as an employee of Lancaster, Davis allegedly suffered a ruptured spinal disc at the L-3—L-4 level. As a result, Davis stopped working and underwent extensive medical treatment.

It is undisputed that Lancaster officials would not have hired Davis had they been aware of any serious prior injuries. Any misrepresentation in this respect was, therefore, material.

In his deposition, Davis admits that he misrepresented his prior medical history and health status. Specifically, he admitted to sustaining low back injuries (1) in 1976 or 1977 while working for another company, Flowers Transportation, 2) in 1978 or 1979 while laying rigging to make up a tow, and 3) in 1980 or 1981, while laying a rigging on a boat in the State of

Illinois. Due to the severity of the last injury, Davis states that he remained under the care and treatment of an orthopedic surgeon for one and one-half years. A medical report from the surgeon, Dr. James Chow, indicates that Davis suffered from a bulging disc at the L-3—L-4 level, the same location on the lumbar spine which Davis alleges to have injured while employed by Lancaster on April 12, 1986. A lawsuit against Flowers Transportation was filed on May 27, 1981, wherein Davis sought damages for low back injuries which he claimed were permanent. *See Davis v. Flowers Transportation, Inc.,* No. GC81–96–WK–O (N.D.Miss.1982).

█ Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill or is injured while in the service of his vessel. The shipowner's obligation to provide maintenance and cure is deemed to be an implied term of any contract for maritime employment. *McCorpen v. Central Gulf Steamship Corp.,* 396 F.2d 547, 548 (5th Cir.1968), *cert. denied,* 393 U.S. 894, 89 S.Ct. 223, 21 L.Ed.2d 175 (1968). In addition to his medical expenses (i.e., cure), the incapacitated seaman is also entitled to a living allowance (i.e., maintenance), and the period of entitlement to both ends only when he has recovered or maximum cure has been achieved. G. Gilmore & C. Black, Jr., *The Law of Admiralty,* 2d ed., p. 305 (1975).

█ As a general rule, a seaman who seeks maintenance and cure need only prove that his injury or illness arose during the employment. The seaman is not required to establish a link of causation between his job duties and his injury. *Liner v. J.B. Talley & Co., Inc.,* 618 F.2d 327, 332 (5th Cir.1980).

█ A seaman's right to maintenance and cure is subject to a few well defined and narrow exceptions, however. As the Fifth Circuit noted in *McCorpen, supra,* a seaman who intentionally misrepresents or conceals medical facts from an employer while applying for work will forfeit his right to seek maintenance and cure if the misrepresented or nondisclosed facts are material to the employer's decision to hire him and there is a connection between the withheld information and the injury which is eventually sustained. *Id.* at 549.

█ In the case *sub judice,* there is no dispute over the material facts. Davis intentionally misrepresented his back condition to Lancaster, the misrepresentation was material to the company's decision to hire him, and the injury complained of was substantially the same as the one he concealed.

Summary judgment is appropriate in maritime cases where, as here, the employer can establish an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *See, e.g., Stubblefield v. Vickers Towing Co.,* 674 F.Supp. 566 (N.D.Miss.1987). The Lancaster Towing Company has established its entitlement to summary judgment as a matter of law, and its motion shall be granted in accordance with Rule 56 of the Federal Rules of Civil Procedure.

An order shall issue in conformity with this opinion.