**In re Leo N. and Jane E. PASSI, Debtors.**

**Bankruptcy No. 88–05037–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

May 4, 1989.

Stuart A. Young, West Palm Beach, Fla., for debtors.

Robert C. Furr, Boca Raton, Fla., for trustee.

Irving E. Gennet, Boca Raton, Fla., Trustee.

## ORDER ON AMENDED EXEMPTION CLAIM

THOMAS C. BRITTON, Chief Judge.

The debtors have amended (CP9) their Schedule B–4 to claim as an additional exemption from the claims of creditors:

"Insurance settlement proceeds Fla.Stat. 222.11 full value arising from an automobile accident which occurred on December 11, 1985. Said proceeds represent compensation for lost income."

The objection (CP10) of two creditors to the additional claimed exemption was heard March 21.

The objection is sustained and the settlement proceeds are denied exemption.

■ The tort which prompted the settlement payment occurred three years before this chapter 7 petition was filed. Unliquidated tort choses in action are not exempt from the claims of creditors under Florida law or from property of the estate under the present Code. *In re Mills*, 46 B.R. 525 (Bankr.S.D.Fla.1985).

■ Debtors in effect concede this point by arguing only that the settlement represents money exempt under *Fla.Stat.* § 222.11 ("wages deposited in any bank account maintained by the debtor when such funds can be traced and properly identified as wages."). The debtors have failed to so identify these funds.

No doubt, all tort settlements include some consideration for some loss of earning capacity, but that premise falls far short of tracing and identifying any part of this asset as exempt wages.

Objectors have also noted that the settlement was never submitted to this court for approval. B.R. 2002(a)(3). Unless the trustee within 10 days requests otherwise, I now ratify the debtors' settlement and direct the debtors to turn over forthwith to the trustee the settlement proceeds to be administered as a part of the debtors' estate.

DONE and ORDERED.