**In the Matter of SEA RAY MARINE SERVICES, INC., Debtor.**

**Bankruptcy No. 89–00238.**

United States Bankruptcy Court, E.D. Louisiana.

Aug. 29, 1989.

Robert G. Stassi, Brook, Morial, Cassibry, Fraiche and Pizza, New Orleans, La., for debtor, Sea Ray Marine.

M.T. Melvin, Larose, La., for Michael St. Pierre.

Ronald K. Gurley, James H. Minge and Associates, New Orleans, La., for Ronald K. Gurley.

MEMORANDUM OPINION

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on a Motion to Determine Payment of Maintenance and Cure filed by the Debtor, Sea Ray Marine Services, Inc. Oppositions to this Motion were filed by two of the parties entitled to the maintenance and cure, Michael St. Pierre ("St. Pierre") and Alvin Blanchard ("Blanchard"), on March 7, 1989. A hearing was held on this matter on March 14, 1989, at which time the Court heard the statements of counsel for all parties and ordered the submission of briefs on the matter. All parties filed the requested briefs by March 28, 1989. Upon consideration of the statements of counsel, the briefs submitted and the applicable law, the Court finds, for the reasons hereinafter stated, that the relevant maintenance and cure payments are not stayed during the pendency of this bankruptcy proceeding

and Debtor must continue making such payments.

In November and December of 1988, St. Pierre and Blanchard were injured while in the employ of Debtor in the service of two different marine vessels owned and operated by the Debtor. Under maritime law, the Debtor became obligated to provide these seamen with maintenance and cure. This was apparently done pre-petition. On January 20, 1989, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Debtor asserts that, as a pre-petition obligation, the maintenance and cure payments are stayed and need not be made to St. Pierre and Blanchard, and another seaman Paul Gregoire, during the pendency of the bankruptcy. St. Pierre and Blanchard assert that their maintenance and cure payments are actually continually arising obligations, not merely pre-petition debts, and as such are not stayed during the bankruptcy.

Maintenance and cure is a right of seamen provided under maritime law and entitles seamen who 'suffer illness or injury while in the service of a vessel payment for medical expenses, living expenses and certain unpaid wages, all at the expense of the shipowner. G. Gilmore and C. Black, *The Law of Admiralty*, 281–309 (2nd ed.1975); 1B *Benedict on Admiralty*, § 42 (7th ed. 1988). A seaman is entitled to maintenance and cure until maximum cure is reached. *Id.* Since there is no method of predetermining the period of time it will take for maximum cure to be reached, the obligation to pay maintenance and cure continues to constantly arise as long as maximum cure is not attained. Gilmore and Black, *supra*, at 299–300; 1B *Benedict on Admiralty* at § 48. The full obligation of the shipowner, then, is not determinable until this point.

11 U.S.C. § 362(a)(6) stays the collection of a claim against the debtor arising pre-petition. However, § 362(b) specifically exempts from the automatic stay certain actions and collections against the debtor. Since maintenance and cure continues to arise post-petition, the provisions of § 362(a) staying the collection of *pre-peti-*

*tion* obligations are inapplicable to maintenance and cure. The Court further finds that maintenance and cure is closely analogous to an alimony or maintenance obligation arising from a divorce, which obligation is specifically excepted from the automatic stay by the provision of § 362(b)(2). A maintenance and cure obligation, like alimony, can originally arise pre-petition. However, both obligations are essentially living allowances and support for the obligee and, as such, continue to arise as distinct obligations on a regular basis post-petition. Thus, neither can be dismissed as merely pre-petition debts to which the automatic stay applies. Therefore, the Court concludes that the maintenance and cure due from the Debtor to St. Pierre and Blanchard is a continuing obligation, not a pre-petition debt, and must continue to be paid during the pendency of this bankruptcy proceeding.

## ORDER

For the reasons assigned in the foregoing Memorandum Opinion entered herein by the Court this date,

IT IS ORDERED that the request contained in Debtor's Motion to Determine Payment of Maintenance and Cure be, and it is hereby, DENIED; and

IT IS FURTHER ORDERED that Debtor continue making the required maintenance and cure payments to Michael St. Pierre and Alvin Blanchard, and any other seamen to whom such obligation is owed, during the pendency of this case.