In re Dennis John EASTER and Catherine Easter, Debtors.

In re Gary S. KRAMER and Myra J. Kramer, Debtors.

Bankruptcy Nos. 89–32855–BKC–TCB, 89–32856–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Sept. 19, 1989.

Schantz, Schatzman & Aaronson P.A., Shelly Berkowitz for Lawrence M. Schantz, Miami, Fla., for debtors.

Irving E. Gennet, Boca Raton, Trustee.

Robert C. Furr, Boca Raton, Fla., for Trustee.

## ORDER DENYING DEBTORS' AMENDED MOTIONS FOR REHEARING

THOMAS C. BRITTON, Chief Judge.

The debtors in these two similar but separate bankruptcies have amended their original motions (CP44; CP49) for rehearing, which were addressed to the August 17 Order on Review of Fees for Debtors' Attorney. 105 B.R. 724.

That Order required that $4,000 of the prepetition fee paid counsel in each case be disgorged and paid to the trustee.

The debtors do not dispute that the sum in question should be refunded, but claim that it should be refunded to them, rather than the trustee.

The contention is that the prepetition fees were paid from prepaid salary received by each debtor husband for personal services to be performed subsequently. It is argued that the services were subsequently performed and not otherwise compensated.

Florida Statute § 222.11 prohibits attachment or garnishment:

> "to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this State, when the money or other thing is due for the personal labor or services of such person."

The "facts" asserted by the debtors have not been controverted before me, and for the purposes of this motion, I accept them as admitted.

However, I do not agree that the disgorgement payment to the trustee offends the Florida exemption statute.

As I see it, when these prepaid wages were received and used by the recipients to pay their attorneys, the money ceased to be exempt from the process of this or any other court. The exemption from court process provided by the Florida statute was not, as I interpret the statute, intended to apply to advances on future earnings. Section 222.11 applies only to wages which are owing, *Financial & Inv. Planning, Inc. v. Lieberman,* 452. So.2d 1022 (Fla.Dist.Ct.App.1984), or paid and segregated in a bank account, *In re McCafferty,* 81 B.R. 99 (Bankr.M.D.Fla.1987).

The interpretation of the statutory provision urged by the debtors would provide an obvious and uncontrollable invitation to abuse. If it had been intended by the Florida legislature, that intent would have been revealed more expressly than is provided in this statute. I am convinced that the statute was designed to and is applicable only to monies clearly identified as due or having been paid for personal services furnished by debtors, rather than prepaid services or advances on future, unearned wages.

The sole authority cited by the debtors for the proposition that wages should be exempt regardless of when the wage earner collects them, *Family Clothing Corp. v. Richardson,*[1] 25 Tenn.App. 195, 154 S.W.2d 795 (1941), is clearly distinguishable. The decision applies to a Tennessee wage exemption calculated on a per month basis. The wages at issue there were due and paid as earned, not prepaid for future services.

For that reason, the amended motion is denied.

DONE and ORDERED.

---

**1.** The reference to the case name cited in the debtors' memoranda, *Jackson v. Jackson* is an obvious error, referring to the next reported case at page 797 in the S.W. Reporter. The case attached to the memoranda by the debtors which contains the relevant language and statutory interpretation is *Family Clothing Corp.* at page 795, 797.