**In re Gabriel Sky COLTELLARO, Debtor.**

**Bankruptcy No. 95–23235–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

Jan. 27, 1997.

Arthur Rice, Miami, FL.

Sonya Salkin, Plantation, FL.

*MEMORANDUM DECISION AND ORDER REGARDING DEBTOR'S EXEMPTION OF A LAWSUIT, GABRIEL SKY COLTELLARO v. CARNIVAL CRUISE LINES, INC.*

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court upon the Trustee's Objection To Exemptions and creditor Sears' Objection To Debtor's Claimed Exemptions. An evidentiary hearing was held on October 15, 1996. The issue before the Court is whether an ongoing pre-petition lawsuit brought by the Debtor in state court is exempt property of the estate. The Debtor is seeking damages from Carnival Cruise Lines under admiralty and maritime law for injuries he suffered while working on board a cruise ship. This Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, and considered the arguments of counsel, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor, Gabriel Sky Coltellaro, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 22, 1995, and John P. Barbee was appointed as the Chapter 7 Trustee. The Debtor listed a pending admiralty lawsuit (the "Lawsuit") in paragraph 4 of his Statement of Financial Affairs but failed to include it on Schedule B as personal property or Schedule C as exempt property. The Lawsuit was filed in Florida state court and seeks various forms of damages available under admiralty and maritime law.

On September 29, 1995, the Trustee filed a Report of No Distribution. The Debtor was granted a discharge on December 5, 1995 and the bankruptcy case was subsequently closed on December 28, 1995. On January 22, 1996, the Trustee moved to reopen the case to administer additional assets. The motion was granted on February 28, 1996. Less than two weeks later, the Debtor filed his amended schedules. The amended schedules listed the Lawsuit as exempt property and cited four different statutory bases for exemption of either the entire Lawsuit or portions of the potential recovery.

First, the Debtor claims that the entire Lawsuit and any corresponding award is exempt pursuant to Florida Statute § 769.05. This exemption is found in Florida's Hazard-

ous Occupations Act. Next, the Debtor claims that that portion of any prospective award which constitutes either wages or maintenance and cure is exempt pursuant to Florida Statute 222.11. Third, the Debtor cites Florida Statute 222.25 as a basis for exempting any professionally prescribed health aides which might comprise part of his recovery. Finally, the Debtor cites section 522(d)(10) of the Bankruptcy Code as a basis for exempting any recovery under the Lawsuit.

## CONCLUSIONS OF LAW

■ At the outset, the Court observes that the award in any lawsuit is not always clearly anticipated or enunciated by the trier of fact. Furthermore, any label given to an award by a state court is not dispositive in bankruptcy. *In re Benjamin*, 136 B.R. 574 (Bankr. S.D.Fla.1992). Therefore, this Memorandum Opinion And Order will only address the propriety of any claimed exemptions as they relate to specific damages sought by the Debtor at this time. *In re Bronner*, 135 B.R. 645 (9th Cir. BAP 1992) (A lawsuit is property of the estate, portions of which, may be exempt.)

■ Lastly, the Court will not address the availability of 46 U.S.C.App. § 11109 (1996) as additional ground for exemption. The Debtor raised this exemption for the first time at the hearing on October 15, 1996. The Debtor has not, however, amended his schedules to claim 46 U.S.C.App. § 11109 as a basis for exemption and therefore the issue is not properly before the Court for review. *Mercer v. Monzack*, 53 F.3d 1, 3 (1st Cir. 1995).

### A. THE LAWSUIT

■ The Lawsuit is based upon three theories of recovery whose remedies are generally cumulative. *Stanislawski v. Upper River Serv. Inc.*, 6 F.3d 537 (8th Cir.1993). Count I is based upon the Jones Act and Count II is based upon unseaworthiness. In order to recover under either of these theories, the Debtor must prove negligence or other tortious conduct on the part of Carnival Cruise Lines. *Jacob v. New York*, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942); *Lan-*

*dry v. Oceanic Contractors, Inc.*, 731 F.2d 299 (5th Cir.1984); *Alverez v. J. Ray McDermott & Co, Inc.*, 674 F.2d 1037 (5th Cir.1982). Accordingly, any recovery under either Count I or Count II would not be exempt property of the estate. Therefore, the remaining issue before this Court is whether any award resulting from Count III of the Lawsuit, Maintenance and Cure, is exempt property of the estate.

### B. FLORIDA STATUTE § 222.201 & 11 U.S.C. § 522(d)(10)

■ Count III of the Lawsuit is based upon a special theory of recovery, maintenance and cure, which is available only to seamen. Maintenance and cure reflects the special protections accorded seamen under admiralty law and it is akin to a disability benefit. It entitles a seaman who suffers an illness or injury while in the service of a vessel the right to payment for medical expenses, living expenses and certain unpaid wages. Maintenance is the right of the seaman to food and lodging if he falls ill or becomes injured on the ship. Cure is the right to necessary medical services. The entire expense is borne by the shipowner.

■ The Debtor contends that any award designated as Maintenance and Cure is exempt under section 522(d)(10) of the Bankruptcy Code. Fla.Stat. 222.201 (1996). Alternatively, the Debtor argues that any award for maintenance and cure is not property of the estate since any payments would be made directly to the service providers rather than the Debtor. The Trustee's position is that the Debtor's Lawsuit seeks nothing more than general tort damages and as a result there is no exemption for any potential recovery designated as maintenance and cure or otherwise.

Section 522(d)(10) of the Bankruptcy Code contains two exemptions which may be applicable to any recovery under Count III. Section 522(d)(10)(C) exempts "[t]he Debtor's right to receive—a disability, illness, or unemployment benefit" and section 522(d)(10)(D) exempts "alimony, support, or separate maintenance, to the extent reason-

ably necessary for the support of the debtor and any dependant of the debtor."

The Court finds that an award of maintenance and cure is analogous to receiving workers' compensation benefits. First, the right to maintenance and cure does not turn upon the fault of the shipowner and the cause of the ailment is irrelevant. The only eligibility requirement is that the seaman be injured while in the service of a vessel. *Pacific S.S. Co. v. Peterson,* 278 U.S. 130, 138, 49 S.Ct. 75, 77–78, 73 L.Ed. 220 (1928); *Seville v. United States,* 163 F.2d 296 (9th Cir.1947). Another similarity is that the shipowner is responsible for maintenance and cure until maximum cure is reached. The shipowner bears the burden of proving that the seaman has reached maximum cure. *Costa Crociere v. Rose,* 939 F.Supp. 1538 (S.D.Fla.1996); *In re Sea Ray Marine Services, Inc.,* 105 B.R. 12 (Bankr.E.D.La.1989). Finally, a seaman cannot waive the right to maintenance and cure by contract or otherwise. *Dowdle v. Offshore Express, Inc.,* 809 F.2d 259 (5th Cir.1987); *Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986 (9th Cir.1987). This right has also been characterized as "a contractual form of compensation given by general maritime law" and it has been recognized for centuries. *Tate v. American Tugs, Inc.,* 634 F.2d 869 (5th Cir.1981); *Lancaster Towing, Inc. v. Davis,* 681 F.Supp. 387 (N.D.Miss.1988).

The vast majority of bankruptcy courts have concluded that workers' compensation awards are exempt assets under section 522(d)(10)(C) of the Bankruptcy Code. *In re Cain,* 91 B.R. 182 (Bankr.N.D.Ga.1988); *In re Albrecht,* 89 B.R. 859 (Bankr.D.Mont. 1988); *In re Evans,* 29 B.R. 336 (Bankr. D.N.J.1983). Other bankruptcy courts have concluded that section 522(d)(10)(C) is limited to contractual disability benefits arising from the debtor's employment. *In re Buchholz,* 144 B.R. 443 (Bankr.N.D.Iowa 1992); *In re Haynes,* 146 B.R. 779 (Bankr.S.D.Ill. 1992). No court has, however, addressed the issues of whether maintenance and cure is "a disability, illness, or unemployment benefit" within the meaning of section 522(d)(10)(C) or whether it provides support for a debtor within the meaning of section 522(d)(10)(D).

The right to maintenance and cure is property of the Debtor's bankruptcy estate even if the liable shipowner makes payments directly to any service providers. However, the very nature of maintenance and cure places it squarely within section 522(d)(10)(C) as a "disability, illness, or unemployment benefit." Thus, to the extent the state court awards the Debtor relief in the form of maintenance and cure, this Court finds that it is exempt under 11 U.S.C. § 522(d)(10)(C). In addition, this Court finds that maintenance and cure is also support or separate maintenance "reasonably necessary for the support of the debtor" under section 522(d)(10)(D) because the shipowner will be obligated to provide the Debtor with a living allowance which is "closely analogous to an alimony or maintenance obligation arising from divorce." *In re Sea Ray Marine,* 105 B.R. 12, 13 (Bankr.E.D.La.1989). Accordingly, to the extent the state court awards maintenance and cure, it is also exempt under 11 U.S.C. § 522(d)(10)(D).

### C. FLORIDA STATUTE § 222.11

The Debtor further claims that any award for either wages or maintenance and cure is exempt pursuant to Florida Statute § 222.11. The Trustee argues that this exemption is limited to any back wages due to, and recovered by, the Debtor.

The Court finds that Fla.Stat. § 222.11 does not distinguish between awards for either past or prospective wages and that it is strictly limited to wages. Section 222.11 provides in relevant part:

(2)(a) All of the disposable earnings of a head of family whose disposable earnings are less than or equal to $500 a week are exempt from attachment or garnishment.

Florida Stat. 222.11(2)(a) (1996). Therefore, to the extent any maintenance and cure awarded is expressly designated as unpaid wages, that portion of the award would be exempt under Fla.Stat. 222.11. *In re Passi,* 101 B.R. 360 (Bankr.S.D.Fla.1989).

Furthermore, any award for lost future wages would not be property of the Debtor's bankruptcy estate. The bankruptcy estate is comprised of all legal or equitable

interests of the Debtor *as of the commencement of the case.* 11 U.S.C. § 541. Any award for future wages represents income the Debtor would have earned absent his injury on board the cruise ship. If the Debtor had not been injured but still filed bankruptcy under Chapter 7, then these future wages would have been earned post petition and not included in his bankruptcy estate. 11 U.S.C. § 541(a)(6). *Smith v. Strickland,* 178 B.R. 524, 527 (M.D.Fla.1995); *In re Gorski,* 85 B.R. 155, 156–57 (Bankr.M.D.Fla. 1988). Thus, the Court further finds that any award for lost future earnings of the Debtor is not property of the estate. *In re Griseuk,* 165 B.R. 956 (Bankr.M.D.Fla.1994); *In re Easter,* 106 B.R. 748 (Bankr.S.D.Fla. 1989).

### D. FLORIDA STATUTE § 769.05

■ The Debtor claims that section 769.05 of the Florida Statutes provides an exemption for the Lawsuit and any award associated with the Lawsuit. This Court does not agree.

Florida Statute § 769.05 provides:

Writs of garnishment, execution or other processes, shall not issue out of any court to reach any money due or likely to become. due as damages *under any provisions of this chapter.*

Fla.Stat. 769.05 (1996) (emphasis added.) A plain reading of this section specifically limits the exemption to causes of action brought under chapter 769 of the Florida Statutes which contains Florida's Hazardous Occupations Act. Under this Act the statutory basis for an action for damages is found in section 769.02. The Debtor's Lawsuit does not contain a cause of action based upon Fla.Stat. § 769.02, but instead seeks damages under three different theories of recovery. Count I is a claim for negligence under the Jones Act; Count II is a claim for damages due to the cruise ship's unseaworthiness; and Count III seeks a special form of recovery available to injured seamen known as maintenance and cure. Thus, the Debtor is precluded from claiming either the Lawsuit or any portion of the recovery as exempt under Fla.Stat. § 769.05 because the Lawsuit does not contain a cause of action brought under the Florida Hazardous Occupations Act.

### E. FLORIDA STATUTE § 222.25

■ The Debtor further claims that a portion of the state court award may be exempt pursuant to Florida Stat. § 222.25(2) which provides:

The following property is exempt from attachment, garnishment, or other legal process:

—

(2) A debtor's interest in any professionally prescribed health aides for the debtor or a dependent of the debtor.

This Court finds that to the extent the state court award results in any professionally prescribed health aides for the Debtor, such property is an exempt asset of the estate.

### CONCLUSION

In conclusion, this Memorandum Decision and Order is strictly limited to the exemptions cited by the Debtor on his amended schedules. Moreover, since the Debtor's eventual award may not fit squarely within the specifics of this Memorandum Opinion and Order, this Court reserves jurisdiction to determine whether any other recovery is exempt.

### ORDER

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Any damages awarded for either negligence under the Jones Act or for unseaworthiness of the vessel are not exempt assets of the Debtor's estate.

2. To the extent any recovery from the Lawsuit results in maintenance and cure, such award is exempt pursuant to 11 U.S.C. §§ 522(d)(10)(C) & (D). To the extent the maintenance and cure represents unpaid wages, it is exempt under both Fla.Stat. 222.11 and 11 U.S.C. § 522(d)(10)(C).

3. To the extent any portion of the award represents lost wages, either past or prospective, that portion of the award is exempt under Fla.Stat. § 222.11. Alternatively, any back wages awarded are exempt under Fla.

Stat. § 222.11 and any future wages recovered are not property of the Debtor's estate.

4. The exemption provided by Fla.Stat. § 769.05 is limited to actions brought under chapter 769 of the Florida Statutes, the Florida Hazardous Occupations Act. The Debtor's Lawsuit does not contain a cause of action under the Act and therefore the exemption does not apply.

5. To the extent the award results in any professionally prescribed health aides for the Debtor, such property is an exempt asset of the estate pursuant to Fla.Stat. § 222.25.

6. The Court reserves jurisdiction to address whether any recovery not specifically addressed in this Memorandum Opinion and Order is exempt.