FARMER, J.,
dissenting.
I disagree with the court’s conclusions as to the ultimate exemption of certain settlement proceeds.
This was a trial on proceedings supplementary. The majority tacitly acknowledges that the debtor’s assertion that these proceeds were exempt from levy and execution under section 222.11 is an affirmative defense requiring separate pleading and proof by the debtor. I fully concur with that tacit acknowledgment. A debtor’s contention that property is exempt from an attempted levy of execution is legally an avoidance of the creditor’s right to have execution on property of the debtor. Usually the facts and evidence to sustain such an exemption are wholly within the knowledge and control of the proponent of the exemption, rather than within the cognizance of the creditor. Thus it makes sense to place the burden on the debtor both to plead and prove the right to an exemption.
I part company with the conclusion of the majority that the pleading requirement was waived by trial of the issue with the consent of the parties. The record does not show me that the issue was tried with the consent of the creditor. The majority finds the consent from the creditor’s reaction to the admission of a document, the Hooley Settlement Agreement, and ensuing testimony sought to be made by the debtor. When the debtor proposed the admission of the document, he argued that it was admissible because it “has been discussed on and on through these proceedings” and that it related to a prior employment agreement.[1] Once the document was admitted, the debtor sought to testify that the money paid to him under paragraph 3 of the settlement agreement was for “wages”. At that point the creditor objected. The trial court sustained the objection, saying that “the document speaks for itself.”
The document recites that the sum of $700,000 paid to the debtor is “a lump sum settlement of [debtor’s] claims for lost income [e.s.] under [an employment agreement].”[2] The majority does not address how settlement proceeds designated in writing as “lost income” can be considered as “disposable income” within the meaning of the exemption statute.[3] Nor does it negate the obvious tenor of the settlement agreement itself that it served as consideration for the settlement of claims other than those arising directly from the employment agreement. And contrary to the *1083 majority, there is absolutely no evidence in the record to support a finding that the debtor James Simpson was the head of a family when the settlement proceeds were paid or, for that matter, at critical times before the payment.[4]
Even if there were some record basis to equate the $700,000 in settlement proceeds entirely as “disposable income,” frankly I am unable to understand how this logically could amount to a consent by the creditor to a trial of an unpleaded claim of exemption. The document was admitted because it had been “referred” to several previous times in the proceedings. Upon admission, the debtor then sought to testify that the $700,000 paid to him under the document represented “wages,” to which the creditor immediately objected. The judge’s ruling apparently sustains the objection (for the witness was thereby not permitted to say what the $700,000 represented), so the debtor’s testimony that the “lost income” paid under the agreement was really wages was never admitted. If the testimony was not admitted as evidence, it could not possibly represent an implicit consent to trial of a fact on an issue that was not pleaded.[5]
I recognize that pleading requirements are a nuisance and may sometimes be inconvenient. And by the time a case reaches us on appeal there has already been a full trial. Reversing for failure to plead an essential issue after there has been a full trial may strike some as so much casuistry, resulting in a waste of scarce judicial trial time. Appellate judges are therefore fond of finding waivers of pleading requirements whenever it is possible to do so, for it favors dispositions on the merits rather than on technical procedural requirements.[6] As the third district has said, however, “Rule 1.190(b) ... was never intended to allow one party to catch the opposing party off guard and inject new unpled issues that are relevant and related to other issues properly before the court.” In this instance the party claiming trial by consent induces the admission of a document into evidence by saying it is relevant because of earlier references to the document in the trial but then seeks to *1084 use it for a new purpose to establish a defense not previously pleaded.
Thus the finding of a pleading waiver here perpetrates a greater unfairness than would an illiberal reluctance to permit an amendment of pleadings at trial where an opposing party would not be prejudiced. It is impossible for these circumstances to have given this creditor fair notice that the exemption issue was now being tried. As I have pointed out, the document was admitted because it had been referred to previously and the objection to the question was functionally sustained. None of this could hardly cause a prudent creditor’s lawyer to perceive that the subject of an earnings exemption had thus been injected into the case.
I would reverse on the settlement proceeds issue for the reasons I have noted.

. Note that this is not an argument that the document is relevant to a claim of exemption under the exemption statute. See § 222.11(2)(a), Fla. Stat. (1997) ("All of the disposable earnings of a head of family whose disposable earnings are less than or equal to $500 a week are exempt from attachment or garnishment.”), [emphasis supplied.]

. The document in question memorializes an agreement among the debtor James Simpson, Michael Hooley, and Bolten-Hooley Inc. settling four different lawsuits. Two of the pending cases involved ten separate contracts/instruments involving the parties, including an employment agreement between James Simpson and the other two parties. Although the settlement document expressly states that it resolves all claims and defenses among the three parties to the document, it also specifically excludes claims against other persons named in the various lawsuits. Reading the settlement as a whole, the $700,000 payment is obviously consideration for the settlement of all claims among the three parties.

. Section 222.11(2) exempts money paid for labor or personal services, and does not extend to the deferred payment of money due under a contract. In re Locke, 99 B.R. 473 (Bkrtcy.M.D.Fla.1989).

. There is no testimony by anyone that James Simpson provided more than half of the support for any dependents. His wife was employed full time during the entire period, while he was unemployed for substantial parts of the period.

. Even if this testimony could be transmuted into an introduction of the statutory exemption, it would have been insufficient as a matter of law to establish that a $700,000 paid as a lump sum settlement of a lawsuit in reality constituted disposable earnings within the meaning of section 222.11(2)(a). I do not think the debtor’s self serving testimony to that effect is legally sufficient. Cf. In re Manning, 163 B.R. 380 (Bkrtcy.S.D.Fla.1994) (debtor who owns or controls business cannot exempt funds he distributes to himself from business simply by calling the money “wages," for purpose of Florida statute exempting money due to head of family for personal labor or services); see also In re Dennison, 84 B.R. 846 (Bkrtcy.S.D.Fla.1988) (severance pay not exempt as wages); In re Easter, 106 B.R. 748 (Bkrtcy.S.D.Fla.1989) (prepaid wages received by debtors and used by them to pay attorneys ceased to be exempt from process of courts pursuant to this section prohibiting attachment or delay of money due for personal labor or services of person, even though debtors testified that services for which wages were paid in advance were subsequently performed and not otherwise compensated).

. See Fla.R.Civ.P. 1.190(b)("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.”).