IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30385
Summary Calendar

_____


WILLIAM NOEL, III,

Plaintiff-Appellee-Appellant,

versus

JACQUELINE NOEL,

Intervenor-Appellant,

versus

DAYBROOK FISHERIES, INC.; ET AL.,

Defendants,

DAYBROOK FISHERIES, INC.

Defendant-Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 97-CV-3985-F
_____
April 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The issue presented by this appeal is whether the district court correctly entered a judgment as a matter of law for the defendant, Daybrook Fisheries, Incorporated, denying the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plaintiff's, William Noel, claim for maintenance and cure.[1] Finding no error on the part of the district court, we affirm.

As an initial matter, Noel has failed to demonstrate that the district court abused its discretion in preventing him from arguing that the questions asked by Daybrook regarding his prior medical history ran afoul of the American with Disabilities Act. See Flannery v. Carroll, 676 F.2d 126, 130 (5th Cir. 1982)(stating that "unless the [district] has abused its discretion, its ruling concerning the [pre-trial] order will not be disturbed on appeal"). The district court, holding that Noel had waived any claim of illegality pursuant to the ADA because such a claim was not included in the pre-trial order, stated:

> This business about the American with Disabilities Act is not an issue that has been raised properly. . . [The plaintiff's] pretrial memorandum fails to raise it. . . . So if, indeed, there was an American with Disabilities Act issue, it has not been properly raised, it is not before this Court, and it has been waived.

After reviewing the pre-trial order, it is apparent that Noel did not raise the issue of the legality of the questions asked by Daybrook. As we have noted on numerous occasions: "Once the [pre-trial] order is entered, it controls the scope and course of the trial. If a claim or issue is omitted from the order, it is

---

[1]"Maintenance and cure is a contractual form of compensation given by maritime law to a seaman who falls ill while in the service of his vessel. The shipowner's obligation is deep-rooted in maritime law and is an incident or implied term of a contract for maritime employment." McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547, 548 (5th Cir. 1968).

waived." Flannery, 676 F.2d at 129 (citing Fed.R.Civ.P. 16); see also Allen v. United States Steel Corp., 665 F.2d 689, 696 (5th Cir. 1982). Thus, because Noel has failed to demonstrate that the district court abused its discretion in preventing him from raising the issue of the illegality of the questions asked by Daybrook, the judgment of the district court in this respect is affirmed.[2]

Focusing on the merits of Noel's maintenance and cure claim, it is clear that he has failed to demonstrate that the district court erred in granting a judgment as a matter of law for Daybrook. An employer may deny maintenance and cure if he can establish that:

_____

[2]It should be noted, that the district court, in its Order and Reasons denying Noel's motion for a new trial, addressed and rejected Noel's claim that the questions posed by Daybrook during the physical examination regarding his past medical history were forbidden by the ADA. The district court held:

First, [Noel] has not shown that the questions asked were illegal under the ADA. The ADA expressly allows 'pre-employment inquiries into the ability of an applicant to perform job-related functions.' 42 U.S.C.A. § 12112(d)(2)(B). It also allows an employer to require a medical examination after an offer of employment has been made, and allows inquire into medical history and possible disability, if the inquire is 'job-related and consistent with business necessity.' 42 U.S.C.A. § 12112(d)(3),(4)(A).

Thus, the district court concluded, "[t]he question at issue seems proper and necessary."

We find the reasoning of the district court to be sound and well reasoned in the light of 42 U.S.C. § 12112. See, e.g., EEOC v. Texas Bus Lines, 923 F.Supp. 965, 981 (S.D. Tex. 1996)(stating that "the basic medical inquiries made by Texas Bus Lines are reasonably related to the position of bus driver; . . . [thus,] the Court finds that Texas Bus Lines' pre-offer, pre-employment medical inquiries do not constitute a per se violation of the ADA"). Thus, even if Noel had not waived the issue of the legality of the questions posed by Daybrook, his claim would nonetheless have failed.

3

(1) the seaman, during a required medical examination, "intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired"; (2) the undisclosed facts are material to the employer's decision to hire the seaman; and (3) "there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." McCorpen, 396 F.2d at 549; see also Wactor v. Spartan Transp. Corp., 27 F.3d 347, 352 (8th Cir. 1994)(adopting McCorpen and stating that "the McCorpen standard had been adopted by the Fourth Circuit, the Seventh Circuit, and by the Ninth Circuit")(citations omitted).

Turning to the facts of this case, Noel admits that he intentionally concealed from Daybook the fact that he suffered extensive injuries, including an injury to his L4-L5 disc, in 1992 while working for AMPRO Fisheries.[3]  Noel argues, however, that Daybrook has failed to establish that this information was material because he argues that prior to accepting the job with Daybrook, he had fully recovered from these injuries.  Additionally, Noel argues that Daybrook has failed to offer sufficient proof to establish that there is a causal connection between the prior injury and the injury that forms the basis of this claim.

---

[3]Noel answered "No" to the following questions posed by Daybrook during his physical examination: "Do you now have or have you ever had at any time in the past: . . . Backache or Back Pain _____ ; Neck Pain _____ ;. . . Hospitalization_____ . . .. Have you had any previous accidents or illnesses?  If so, please explain_____."

4

Focusing on the issue of materiality, the district court held:

> All of the evidence in this case establishes without dispute and without contradiction that the job of a menhaden fisherman is dangerous. It involves highly physical work. Captain Ripley, whose testimony was extremely impressive, testified that he is the one who does the hiring and he is the one who reviews the applications and the paperwork and that he would not have hired Mr. Noel had the information been disclosed. The plaintiff's physical condition was certainly material to the job for which he was applying. . . .

After reviewing the record, it is clear that the district court's conclusion on the issue of materiality is correct. The uncontested testimony of Captain Arnold Ripley established that Noel's prior injury was material. Further, Noel's own expert witness, Dr. Robert S. Roberts, admitted on cross-examination that given Noel's medical history, he would not have recommended that Daybrook hire him to work as a fisherman. Thus, the undisputed evidence at trial established that Noel's prior injury was material.

Finally, turning to the issue of the causal link between Noel's prior injury and the injury sustained while working for Daybrook, the district court held:

> Again, the evidence is undisputed that the 1992 injury involved the same disk, L4-L5, as the injury presently complained of in this case. Moreover, the plaintiff's own witness, vocational witness, Dr. Roberts, testified that a 25 pound lifting restriction would, indeed, prevent the plaintiff from doing the work that he did.

Thus, the district court concluded that the evidence established that there was a "causal link" between the two injuries.

5

The undisputed facts in the record support the conclusion of the district court.  The injury sustained by Noel, which is the basis of this suit, was to the L4-L5 disc.  This is the same disc that Noel injured in 1992 while working as a fisherman for AMPRO Fisheries.  Further, the evidence at trial established that Noel has incurred the same pain and side effects for the present injury as he incurred as a result of the 1992 injury.  Thus, the evidence clearly established a causal connection between the present injury and the injury that Noel suffered in 1992.  See Guillory v. Northbank Towing Corp., 1994 A.M.C. 1971 (W.D. La. 1993)(stating that "plaintiff's claim for maintenance and cure benefits for continued medical attention to his back are for the exact same area of the back [as he received prior treatment for;]. . . therefore, there clearly is a causal connection and materiality between and of that which was concealed and his present medical condition"); Lancaster Towing, Inc. v. Davis, 681 F.Supp. 387, 389 (N.D. Miss. 1988)(denying the plaintiff maintenance and cure because he "intentionally misrepresented his back condition [to the defendant], the misrepresentation was material to the company's decision to hire him, and the injury complained of was substantially the same as the one he concealed").

In short, Noel has failed to point to any evidence in the record that supports his assertion that his prior injuries were immaterial to Daybrook's decision to hire him.  Further, the evidence adduced at trial clearly established a causal connection

6

between the injuries Noel suffered in 1992 while working for AMPRO Fisheries and the injuries he suffered while working for Daybrook. Therefore, the judgment of the district court is

A F F I R M E D.[4]

---

[4]The judgment of the district court dismissing Jacqueline Noel's motion for intervention as a matter of law is likewise AFFIRMED. See Broussard v. Broussard, 340 So.2d 1309, 1312 (La. 1977)(stating that "[s]ince the [Louisiana] Code classifies as separate property actions for damages resulting from injuries to a husband, living separate from his wife by reason of her fault, La.C.C. art. 2334, it seems clearly intended that an unmarried man would be entitled to treat such an action for damages [under the Jones Act for injuries suffered prior to the marriage] as his separate property").